IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
CITY AND COUNTY OF SAN FRANCISCO,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

   Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

   Before the Court is Defendant City and County of San Francisco's Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 26, 2013; docket #16]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #17]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be **granted**.[1]

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His 22 claims for relief against 66 defendants arise from a 2003 break-up of Barra, Partners, LLC, a merchant banking firm. (Complaint, Docket #1.) Plaintiff asserts six claims against the City and County of San Francisco ("San Francisco"): (1) Deprivation of Rights of Due Process and Equal Protection Pursuant to 42 U.S.C. § 1983 (Seventh Claim for Relief); (2) Deprivation of Rights of Free Speech, Expression, Press, Petition and Association as Guaranteed by the First Amended Pursuant to 42 U.S.C. § 1983 (Eighth Claim for Relief); (3) Abuse of Process (Eleventh Claim for Relief); (4) Aiding, Abetting or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (5) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (6) Civil

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Conspiracy (Twentieth Claim for Relief).

Plaintiff alleges that three lawsuits were filed against him in the Superior Court of California, County of San Francisco. First, on November 6, 2006, Defendant Marcia Bruggeman-Hatch filed a "Petition for Injunction Prohibiting Harassment" against Plaintiff, Case number CCH-06-565565. (Docket #1, at ¶ 529.) Second, on November 6, 2006, Defendant Marcia Bruggeman-Hatch filed a personal injury complaint against Plaintiff, Case number CGC-06-457679. (*Id.* at ¶ 535.) Third, on November 8, 2006, Defendant Seamus Hatch filed a "Petition for Injunction Prohibiting Harassment" against Plaintiff, Case number CGC-06-457679. (*Id.* at ¶ 532.) Plaintiff alleges that Defendant Sue M. Kaplan granted Temporary Restraining Orders in the first and third actions and entered a default judgment in the second action. (*Id.* at ¶ ¶ 530, 533, 554.) In this Motion to Dismiss, San Francisco contends that the Court lacks personal jurisdiction over San Francisco pursuant to Fed. R. Civ. P. 12(b)(2), and Plaintiff has failed to state claims for relief against San Francisco pursuant to Fed. R. Civ. P. 12(b)(6).

## **LEGAL STANDARDS**

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*,

4

935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

A plaintiff bears the burden of establishing personal jurisdiction over defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court accepts a plaintiff's well-pled allegations as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D. Colo. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, "the Due Process Clause requires that [the Court] further consider whether the exercise of personal jurisdiction over [the] defendant would nonetheless offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King*, 471 U.S. 462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from

a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415 (1984). However, "[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's 'continuous and systematic general business contacts.'" *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996) (quoting *Helicopteros*, 466 U.S. at 416).

## ANALYSIS

San Francisco is a municipality located in California and organized under the laws of California. Plaintiff does not allege any facts suggesting that San Francisco has had any contacts with Colorado. Many of the events giving rise to Plaintiff's claims occurred in San Francisco, but none of the allegations show that San Francisco either purposefully directed its activities at Colorado residents (and the litigation results from injuries related to those activities) or continuously and systematically engaged in general business contacts with Colorado. *See Helicopteros*, 466 U.S. at 415-416.

Plaintiff argues that San Francisco waived any jurisdictional claim because California exercised jurisdiction over him in the 2006 cases. However, it was not San Francisco, but the Superior Court of California, that handled the cases involving Plaintiff. To the extent Plaintiff seeks to add San Francisco as a defendant because of Commissioner Kaplan's actions, Commissioner Kaplan was employed by the Superior Court of California, not the City and County of San Francisco, and her actions cannot be imputed to San Francisco. Thus, any allegations about Commissioner Kaplan's contacts with Colorado are irrelevant.

The Court finds that Plaintiff's allegations are insufficient to demonstrate that the Court has personal jurisdiction over San Francisco. I therefore recommend granting the Motion to Dismiss pursuant to Rule 12(b)(2).

Based on the above finding, the Court need not address San Francisco's arguments for dismissal pursuant to Rule 12(b)(6).

Plaintiff requests leave to amend the complaint if the Court finds that dismissal is warranted. It appears Plaintiff has included San Francisco as a defendant based on a mistaken belief that San Francisco is the same entity as the Superior Court of California, County of San Francisco, or is somehow responsible for that Court's activities. However, aside from being the location where many of the alleged activities occurred, San Francisco was not remotely involved in any of the allegations. In his request to amend the pleadings, Plaintiff does not suggest that he has an entirely new set of allegations that give rise to viable claims against San Francisco; instead, he requests leave only to "correct any flaws that may be found." (Docket #32, p.2.) Thus, the Court recommends denying Plaintiff leave to amend his pleadings.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that Defendant City and County of San Francisco's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [filed November 26, 2013; docket #16] be **GRANTED** and the Plaintiff's request for leave to amend be **DENIED**.

Respectfully submitted this 24th day of January, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge