IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
CITY AND COUNTY OF SAN FRANCISCO,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is City of Redwood City's ("Redwood City") Motion to Dismiss [filed December 12, 2013; Doc. # 29]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C,

the matter is referred to this Court for recommendation. (Doc. # 31.) The motion is fully briefed, and oral argument would not materially assist the Court's ruling. For the following reasons, the Court respectfully RECOMMENDS that Redwood City's Motion be DENIED and that this case be TRANSFERRED to the United States District Court for the Northern District of California.[1]

## I. BACKGROUND

Plaintiff, Jon A. Goodwin, filed the complaint initiating this action on October 30, 2013. His 22 claims for relief against 66 defendants arise from a 2003 break-up of Barra Partners, LLC, a merchant banking firm. (Doc. # 1.) To date, seven motions to dismiss have been filed on behalf of individual Defendants and groups of Defendants. (See Doc. ## 16; 19; 29; 56; 65; 82; 115.) Of those seven motions, five challenge this Court's personal jurisdiction (see Doc. ## 16; 29; 65; 82; 115), two seek dismissal on grounds of *forum non conveniens* (see Doc. ## 29; 82), and one seeks dismissal because a forum selection clause renders venue in this Court improper (see Doc. # 19).

On February 6, 2014, this Court held a status conference at which the parties discussed, *inter alia*, the possibility of transferring the case from the District of Colorado to the Northern District of California. (*See* Doc. # 87.) During the discussion, the Court asked whether any of the 22 parties

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

represented at the conference[2] would object to transfer to the Northern District of California. None objected, except Defendant Schottler, who opposed transfer only insofar as it would require him to travel to California. In addition, the Court directed Plaintiff to file a supplement to his response to Redwood City's Motion to Dismiss stating whether he objects to a change of venue. (*See id.*) Plaintiff filed the response on February 10, 2014, agreeing to a transfer of venue to California. (Doc. # 94.) Plaintiff also expressed his "strong preference, for economic and security reasons," that the transferee venue be the Central District of California or a neutral venue, such as the Southern District of Ohio. (*See id.*) Redwood City replied on February 11, 2014, on behalf of itself and three other Defendants ("Redwood City Individual Defendants"), agreeing to transfer to the Northern District of California and objecting to transfer to both the Central District of California and to a neutral district. (Doc. # 101.) On February 13, 2014, the Hatch Defendants[3] and Belfast Defendants[4] also filed a reply objecting to any transfer. (Doc. # 105.) Finally, on February 18, 2014, Defendant Bock filed his opposition to transfer. (Doc. # 111.)

## II. DISCUSSION

Redwood City and the Redwood City Individual Defendants have moved to dismiss the claims against them on the grounds of *forum non conveniens*. However, a district court should "transfer, rather than dismiss[], when a sister federal court is the more convenient" forum. *Sinochem*

---

[2] The following parties were represented at the February 6, 2014 status conference: Plaintiff Jon Goodwin; Defendants Jeffrey Schottler, Michael Bock, Seamus Hatch, Marcia Bruggeman-Hatch, Neville Johnson, Douglas Johnson, Lan Phojng Vu, John Fowler, Viktoriya Cassis, Shake Andreasian, Johnson & Johnson LLP, Paul Tweed, Kathryn Mathews, Paul Tweed LLP, Johnsons Law Firm, Val Cook, Redwood City, City and County of San Francisco, Twitter, Inc., Maynard Gamez, and Sean Hart.

[3] Defendants Seamus Hatch and Marcia Bruggeman-Hatch.

[4] Defendants Paul Tweed, Kathy Mathews, Johnsons Law Firm, and Paul Tweed LLP.

*Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citation omitted). In this case, several Defendants have not yet appeared and, thus, have not moved to dismiss or transfer for *forum non conveniens*. Nonetheless, courts have recognized a "'long-approved practice of permitting a court to transfer a case *sua sponte* under the doctrine of *forum non conveniens*, as codified at 28 U.S.C. § 1404(a).'" *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986)); *see also Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 (8th Cir. 2012) (collecting authorities); *WildEarth Guardians v. U.S. Forest Serv.*, 2012 WL 1415378, at *2 (D. Colo. 2012); *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, 2010 WL 845927, at *8 n.18 (D. Colo. 2010). Therefore, the Court will consider whether the entire case should be transferred under § 1404(a).

## A. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Before transferring a case *sua sponte* under § 1404(a), a district court must give the parties an opportunity to express their views on the matter. *Tazoe*, 631 F.3d at 1336 (citation omitted). In considering transfer under § 1404(a), the Court first decides whether the action might have been brought in the proposed transferee district, the Northern District of California. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Second, the Court decides whether the "competing equities" weigh in favor, or against, a transfer. *See Hustler Magazine, Inc. v. U.S. Dist. Ct. of the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986). With respect to the second issue, the factors to be considered include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of

> witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (citation and quotation marks omitted).

## B. ANALYSIS

In this case, the parties have had, or will have, an adequate opportunity to express to the Court their views on transferring the case to the Northern District of California. In their motions to dismiss, Redwood City and the Redwood City Individual Defendants have raised the issue of *forum non conveniens*. (Doc. ## 29 at 14; 82 at 13-14.) Plaintiff addressed the issue once in his response to Redwood City's motion to dismiss. (Doc. # 60 at 14-16.) He did so again when he filed his response following the transfer discussion at the February 6, 2014 status conference. (Doc. # 94.) Likewise, the transfer issue has been addressed by Redwood City and the Redwood City Individual Defendants (*see* Doc. # 101), the Hatch and Belfast Defendants (*see* Doc. # 105), and Defendant Bock (*see* Doc. # 111). In addition, as discussed above, all 22 parties represented at the February 6, 2014 status conference had the opportunity to address the possibility of transfer, and only Defendant Schottler objected. Therefore, Plaintiff and the Defendants who have filed replies have had the chance to express their views on transfer. With respect to the remaining Defendants, this Recommendation serves as notice, and any that object to transfer may express their views by filing objections to this Recommendation pursuant to Fed. R. Civ. P. 72(b)(2). Consequently, the Court may *sua sponte* recommend transfer under § 1404(a).

Turning now to the merits of § 1404(a) transfer, the Court first finds that this lawsuit "might

have been brought" in the Northern District of California. *See* 28 U.S.C. § 1404(a). As discussed below, the vast majority of Defendants reside in California. Therefore, litigating this action in California offers Plaintiff the best chance to obtain personal jurisdiction over most of the 66 Defendants, though perhaps not all of them. In addition, venue would be proper in the Northern District of California under 28 U.S.C. § 1391(b)(2), because most of the alleged unlawful activities occurred there.

Likewise, the Court is persuaded that the "competing equities" weigh in favor of transfer to the Northern District of California. First, although normally a plaintiff's choice of forum is given great weight, *see Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010), here, Plaintiff has consented to transfer to California (*see* Doc. # 94). In addition, the facts giving rise to this lawsuit have little connection to Colorado. *See Employers Mut.*, 618 F.3d at 1168 ("Courts . . . accord little weight to a plaintiff's choice of forum 'where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum.'" (quoting *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993))). Therefore, the Court assigns little weight to Plaintiff's initial decision to file suit in the District of Colorado.

In contrast, the Court assigns much weight to the convenience of the parties and witnesses. *See id.* at 1169 (citation omitted). Here, it appears certain that most of the witnesses and other evidence are located in Northern California. The "core" Defendants, who allegedly orchestrated most of the events giving rise to Plaintiff's claims, include Defendants Hatch, Bruggeman-Hatch, and Bock. According to the Complaint, the relevant acts of Defendants Hatch and Bruggeman-Hatch occurred "primarily" in Northern California and during their travels throughout the United States. (Doc. # 1 at 16, 17.) In contrast, Defendant Bock's actions occurred primarily

7

in Colorado. (Doc. # 1 at 17-18.) Of the eight law firms named as Defendants, six were located in Northern California, and two in the United Kingdom; none are located in Colorado. Of the 33 named Defendants associated with those law firms, 20 reside in Northern California, eight reside elsewhere in California, two reside outside the United States, and two reside in New York; none reside in Colorado. In addition, two California cities are named Defendants, along with four of their employees. Finally, of the remaining eleven Defendants, three are from Northern California, two from elsewhere in California, two from outside the United States, one from Missouri, and one from Connecticut; only two are from Colorado. In total, 28 individual Defendants reside in Northern California, 11 elsewhere in California, four elsewhere in the United States, and four outside the United States; three reside in Colorado. (*See* Doc. # 1 at 16-37 (listing Defendants and their residences).) Thus, considering that Northern California is home to over half of the individual Defendants, the eight law firm Defendants, and the two municipality Defendants, and that a significant percentage of the remaining individual Defendants live elsewhere in California, the Court finds that the convenience of the parties and witnesses weighs heavily in favor of transfer to the Northern District of California.

Moreover, the sum of the remaining factors weighs in favor of transfer. Because so many parties reside in California, and so few in Colorado, the cost of litigating in the District of Colorado is likely to exceed greatly the cost of litigating in the Northern District of California. On the other hand, the difficulties of docket congestion weigh ever so slightly against transfer, as the 6.4 month median time interval from filing a case to disposition in the Northern District of California slightly exceeds the 6.0 month interval in Colorado. *See* Administrative Office of the United States Courts, Caseload Statistics, *available at*

http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2013.aspx (last visited on Feb. 17, 2014).  Next, neither a court sitting in the Northern District of California nor the District of Colorado would have an advantage in adjudicating Plaintiff's claims.  His claims arise from federal law, California law, and Colorado law; thus, either court will have to adjudicate claims governed by the substantive law of a state other than the one in which it sits.  Finally, the enforceability of a judgment and the availability of a fair trial appear to have no impact on the transfer question.

Plaintiff's objections to venue in the Northern District of California, based on his unsubstantiated "economic and security" concerns, do not persuade the Court to transfer to the Central District rather than the Northern District of California.  The Central District would impose many of the same inconveniences as the District of Colorado because so many Defendants, presumably with related evidence, are located in the Northern District.  Mere assertions of economic and security concerns, purportedly present in a district immediately adjacent to the one preferred, cannot supersede substantial convenience to the parties, which include two municipalities and their employees.

Likewise, the Court is not persuaded by the arguments against transfer made by the Hatch and Belfast Defendants or by Defendant Bock.  First, although the Court recognizes these Defendants' desire to resolve this dispute quickly, adjudication should proceed in the most appropriate forum.  Second, as explained above, several Defendants sought *forum non conveniens* dismissal, which raised for the Court the issue of transfer under 28 U.S.C. § 1404(a).  *See Sinochem*, 549 U.S. at 430.  Therefore, the Hatch and Belfast Defendants' 28 U.S.C. § 1631 analysis poses no obstacle to transferring this suit.  Finally, with respect to Defendant Bock's contentions, the merits

of Plaintiff's claims against various Defendants have no bearing on the transfer issue, and any inefficiency or delay caused by transfer pales in comparison to the inefficiencies of litigating in the District of Colorado.

In conclusion, Plaintiff's express acquiescence to transfer to California, along with the overwhelming number of Defendants residing in and events occurring in Northern California, weigh heavily in favor of transfer under 28 U.S.C. § 1404(a).

### III. CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that Redwood City's Motion to Dismiss (Doc. # 29) be DENIED WITHOUT PREJUDICE as moot, and that this case be TRANSFERRED to the United States District Court for the Northern District of California for all further proceedings. The Court

FURTHER RECOMMENDS that all other pending motions to dismiss in this case (Doc. ## 19; 56; 65; 72; 82; 115) be DENIED WITHOUT PREJUDICE as moot.

Respectfully submitted this 21st day of February, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge