IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
CITY AND COUNTY OF SAN FRANCISCO,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

     Defendants.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Michael E. Hegarty, United States Magistrate Judge**.

     Before the Court is Defendant Daniel Niehans' Motion to Dismiss, filed on February 24,

2014. (Doc. # 131.) In light of this Court's Recommendation to transfer all proceedings in this case to the Northern District of California (Doc. # 121), the Court RECOMMENDS that Defendant Niehans' motion be DENIED WITHOUT PREJUDICE as moot.[1]

Respectfully submitted at Denver, Colorado, this 27th day of February, 2014.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).