**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

    Defendants.

## ORDER OVERRULING OBJECTION TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#81],[1] filed January 24, 2014; and (2) **Plaintiff's Objection [to] Recommendation To Dismiss Claims Against Defendant City and County of San Francisco** [#90], filed February 7, 2014. I overrule the objections, adopt the recommendation, and grant the apposite motion to dismiss for lack of personal jurisdiction.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

---

[1] "[#81]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit. Plaintiff devotes the entirety of his objection to attempting to establish that defendant, Sue Kaplan, although "facially" employed by the Superior Court of California (*see* **Objection** at 7), is actually employed by the City and County of San Francisco. Neither this argument nor the evidence purporting to support it were presented in connection with the underlying motion to dismiss. More relevantly, however, plaintiff has failed utterly to suggest how the allegations of his complaint adequately plead how the City, either on its own or through Ms. Kaplan (assuming *arguendo* that she is employed by the City), subject it to personal jurisdiction in Colorado.[2] I concur with the magistrate judge's conclusion that nothing in the complaint plausibly alleges a valid basis for this court to assume either general or specific personal jurisdiction over the City in this forum.

Thus I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#81], filed

---

[2] Plaintiff's request – both in his response to the underlying motion and in his objections – for leave to amend his complaint to attempt to assert valid claims is procedurally improper. *See* **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); **Health Grades, Inc. v. MDX Medical, Inc**., 2012 WL 4351601 at *1 (D. Colo. Sept. 24, 2012) (in regard to party's request for relief made in objections to recommendation of magistrate judge, "[t]he merits of any such request was [*sic*] not before the Court, as plaintiff had not filed a motion requesting any court action.").

January 24, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection [to] Recommendation To Dismiss Claims Against Defendant City and County of San Francisco** [#90], filed February 7, 2014, are **OVERRULED**;

3. That **Defendant City and County of San Francisco's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16], filed November 26, 2013, is **GRANTED IN PART** and **DENIED IN PART** as follows;

   a. That the motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims against the City and County of San Francisco on the basis of lack of personal jurisdiction in this forum; and

   b. That in all other respects, the motion is **DENIED AS MOOT**;

4. That plaintiff's claims against the City and County of San Francisco are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum;

5. That judgment without prejudice **SHALL ENTER** on behalf of defendant, City and County of San Francisco, against plaintiff, Jon A. Goodwin, as to all claims for relief and causes of action asserted against this defendant; and

6. That defendant, City and County of San Francisco, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated April 8, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge