**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of
Barra Partners, LLC, a Delaware limited liability company,

      Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

      Defendants.

---

**ORDER SUSTAINING OBJECTIONS TO AND REJECTING
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matters before me are (1) **Recommendation of United States Magistrate Judge**

[#121],[1] filed February 21, 2014; (2) **Recommendation of United States Magistrate Judge**

[#155], filed February 27, 2014; (3) **Recommendation of United States Magistrate Judge**

[#156], filed February 27, 2014; (4) **Recommendation of United States Magistrate Judge**

[#157], filed February 27, 2014;[2] (5) **Defendant Jeffrey Schottler's Objection to the**

**Magistrate's Recommendation Regarding Transfer of Venue** [#175], filed March 7, 2014;

and (6) **Objection to Magistrate Judge's February 21, 2013 Recommendation To Transfer**

**Venue [#121] and Objection to Magistrate Judge's February 27, 2014 Recommendation**

---

    [1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

    [2] The recommendation filed February 21, 2014 [#121], addressed the then-currently pending motions to dismiss, six of which are still pending. The subsequent recommendations [##155, 156, & 157] recommend denial of the apposite motions to dismiss without prejudice on the basis of the February 21 recommendation to transfer venue. In addition, two other subsequently filed motions to dismiss [#182 & 185], were denied without prejudice outright by the magistrate judge [##184 & 196] in light of the February 21 recommendation to transfer venue.

**To Dismiss Without Prejudice Daniel Niehans' Motion To Dismiss [#157]** [#176], filed

March 7, 2014.  The magistrate judge recommends that this case be transferred to the United

States District Court for the Northern District of Colorado pursuant to 28 U.S.C. § 1404(a).[3]  I

respectfully reject the recommendations, sustain the objections, re-refer for further

consideration on the merits the motions to dismiss as to which recommendations were issued,

and grant leave to refile the motions to dismiss that were denied without prejudice outright.

Transfer under section 1404(a) is appropriate only when the transferee court is one in

which the action "might have been brought."[4]  "A court cannot transfer a suit to a court where

personal jurisdiction does not exist over the defendants originally[.]"  ***Good v. Fuji Fire &***

***Marine Insurance Co., Ltd.***, 271 Fed. Appx. 756, 760 (10th Cir. March 27, 2008) (quoting

***Morris by Rector v. Peterson***, 759 F.2d 809, 812 (10th Cir. 1985)).  ***See also Trierweiler v.***

***Croxton and Trench Holding Corp.***, 90 F.3d 1523, 1545 (10th Cir. 1996); ***Chrysler Credit***

***Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515 (10th Cir. 1991).  As the magistrate judge

implicitly acknowledged, however, the proposed transferee court arguably lacks personal

jurisdiction over at least some of the 66 defendants sued in this case.  (***See* Recommendation**

at 7 [#121], filed February 21, 2014.)  The case therefore cannot be transferred under section

1404(a).[5]  Thus, I respectfully must reject the recommendation.  I will re-refer the underlying

---

[3] Plaintiff is proceeding in this matter *pro se.*  Accordingly, and appropriately, the magistrate judge construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers, as have I.  ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

[4] The alternative basis allowing transfer under section 1404(a) – that the transferee district is one "to which all parties have consented" – clearly does not apply here.

[5] I also respectfully disagree with the magistrate judge's conclusion that the putative merits of plaintiff's claims have no bearing on the issue of transfer.  (**Recommendation** at 9-10 [#121], filed February 21, 2014.)  A section 1404(a) transfer specifically contemplates that the transfer must be not only for the convenience of the parties and witnesses but also "in the interest of justice."  ***See Atlantic Construction Co., Inc. v. U.S. District***, – U.S. –, 134 S.Ct. 568, 581, 187 L..Ed.2d 487 (2013) (noting

motions to dismiss to the magistrate judge for further consideration on the merits and grant leave to refile the motions that were denied outright on the basis of the recommendation to transfer.

**THEREFORE, IT IS ORDERED** as follows:

1. That the following are, respectfully, **REJECTED**:

   a. **Recommendation of United States Magistrate Judge** [#121], filed February 21, 2014;

   b. **Recommendation of United States Magistrate Judge** [#155], filed February 27, 2014;

   c. **Recommendation of United States Magistrate Judge** [#156], filed February 27, 2014; and

   d. **Recommendation of United States Magistrate Judge** [#157], filed February 27, 2014;

2. That the following objections are **SUSTAINED**:

   a. **Defendant Jeffrey Schottler's Objection to the Magistrate's Recommendation Regarding Transfer of Venue** [#175], filed March 7, 2014; and

   b. **Objection to Magistrate Judge's February 21, 2013 Recommendation To Transfer Venue [#121] and Objection to Magistrate Judge's February 27, 2014 Recommendation To Dismiss Without Prejudice Daniel Niehans'**

---

that "the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice'").  If plaintiff's claims in fact are as meritless as defendants suggest, it does not appear to be in the interests of justice to further prolong these already protracted proceedings and force defendants to address them yet again in another forum.  **See Van Dusen v. Barrack**, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964) ("[T]he purpose of [section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]") citation and (internal quotation marks omitted); **McAlister v. General American Life Ins. Co.**, 516 F.Supp. 919, 921 (D. Okla. 1980)

**Motion To Dismiss [#157]** [#176], filed March 7, 2014;

3.  That the following motions are again **REFERRED** to the magistrate judge for further consideration on the merits:

a.  **Twitter, Inc.'s Motion To Dismiss** [#19], filed November 26, 2013;

b.  **City of Redwood City's Motion To Dismiss** [#29], filed December 12, 2013;

c.  **Defendants Marcia and Seamus Hatch's Motion To Dismiss** [#56], filed December 30, 2013;

d.  **Defendants Paul Tweed, Kathy Mathews, Johnsons Law Firm, and Paul Tweed, LLP's Motion To Dismiss** [#65], filed January 13, 2014;

e.  **Redwood City Police Sergeant Valancy Cook, Redwood City Police Lieutenant Sean Hart, and Redwood City Police Chief Meynard "JR" Gamez' Motion To Dismiss** [#82], filed January 31, 2014;

f.  **Defendant Sue M. Kaplan's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Fed. R. Civ. P. 12(b)(2)** [#115], filed February 20, 2014;

g.  **Defendant Emily Church's Motion To Dismiss** [#124], filed February 21, 2014;

h.  **Defendant Daniel Niehans' Motion To Dismiss** [#131], filed February 24, 2014; and

i.  **Motion To Dismiss on Behalf of Defendants Neville Johnson, Lan Vu, Johnson & Johnson LLP, Douglas Johnson, John Fowler, Viktoriya Cassis, and Shake Andreasian** [#138], filed February 25, 2014;[6] and

---

[6] As joined by defendant Jonathan Turco.  (**See Defendant Jonathan Turco's Joinder in Motion To Dismiss on Behalf of Defendants Neville Johnson, Lan Vu, Johnson & Johnson LLP, Douglas Johnson, John Fowler, Viktoriya Cassis, and Shake Andreasian** [#208], filed March 29,

4.   That leave to refile the following motions is **GRANTED**:

    a.   **Defendant Eric Vaughn Traut's Motion To Dismiss** [#182], filed March 19, 2014; and

    b.   **FLK Defendants' Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), and (6)** [#185], filed March 21, 2014.

Dated April 11, 2014, at Denver, Colorado.

                             **BY THE COURT:**

                             Robert E. Blackburn
                             United States District Judge

---

2014.

    I note also that there is currently still pending before the magistrate judge the **Motion To Dismiss for Insufficient Service of Process, and To Vacate Clerk's Entries of Default, by Putative Defendant Neville Johnson and Lan Vu** [#72], filed January 14, 2014, which is not specifically considered in any of the recommendations pending before this court nor otherwise addressed by the magistrate judge.