IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
CITY AND COUNTY OF SAN FRANCISCO,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is the City of Redwood City's Motion to Dismiss (filed December 12, 2013;

2

Doc. # 29). Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Doc. # 31.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be **granted**.[1]

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His 22 claims for relief against 66 defendants arise from a 2003 break-up of Barra, Partners, LLC, a merchant banking firm. (Doc. # 1.) Plaintiff asserts five claims against Redwood: (1) Deprivation of Rights of Due Process and Equal Protection Pursuant to 42 U.S.C. § 1983 (Ninth Claim for Relief); (2) Deprivation of Rights of Free Speech, Expression, Press, Petition and Association as Guaranteed by the First Amendment Pursuant to 42 U.S.C. § 1983 (Tenth Claim for Relief); (3) Aiding, Abetting or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (4) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (5) Civil Conspiracy (Twentieth Claim for Relief).

In its Motion to Dismiss, Redwood contends that (1) Plaintiff's claims should be dismissed

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

pursuant to Fed. R. Civ. P. 12(b)(6); (2) Plaintiff's claims should be dismissed because the Court lacks personal jurisdiction over Redwood; and (3) on the grounds of *forum non conveniens*, the case should be dismissed or transferred to the Northern District of California. Because the Court finds that it lacks personal jurisdiction over Redwood for the reasons below, it recommends that the claims against Redwood be dismissed on that basis without reaching Redwood's first and third arguments. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (recognizing that "a federal court may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties" (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998))); *see also id.* at 431 ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." (internal quotation marks and citations omitted)).

## LEGAL STANDARDS

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). According to the Tenth Circuit, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d

1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

A plaintiff bears the burden of establishing personal jurisdiction over defendants. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984). The Court accepts a plaintiff's well-pled allegations as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D. Colo. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, the Due Process Clause requires that the exercise of personal jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16

(1984). However, to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman*, --- U.S. ---, ---, 134 S. Ct. 746, 761 (2014) (internal quotation marks and citation omitted).

## ANALYSIS

Redwood contends that Plaintiff has failed to establish personal jurisdiction because Redwood has no contacts in Colorado and has not committed any intentional acts aimed at Colorado that caused harm to Plaintiff. Plaintiff counters that Redwood intentionally contacted and harmed Plaintiff when Defendant Redwood City Police Detective Val Cook called him on a telephone with a New York State area code and left messages.

Plaintiff's allegations do not establish that Redwood purposefully directed its actions at Colorado. Detective Cook did not know she was calling Colorado because the telephone number had a New York area code. Plaintiff states that Detective Cook left a message saying, "from what I'm gathering it sounds like you are somewhere on the east coast." (Doc. # 60 at 5.) Thus, Detective Cook believed Plaintiff was located on the east coast, not in Colorado. Moreover, "[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts," *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995), and Plaintiff has not otherwise established a basis for personal jurisdiction over Redwood. Redwood's alleged conduct occurred in California, and Plaintiff does not allege that Redwood engages in continuous and systematic contacts with Colorado that would render it at home here. *See Daimler AG*, --- U.S. at ---, 134 S. Ct. at 761. Thus, the Court recommends dismissing the claims against Redwood for lack of personal jurisdiction and declines to address Redwood's other

arguments for dismissal.

Plaintiff requests leave to amend the complaint if the Court finds that dismissal is warranted. However, Plaintiff does not suggest that he can assert any new allegations that would give this Court personal jurisdiction over Redwood. Therefore, the Court finds that amending the pleadings in the District of Colorado would be futile and recommends denying Plaintiff leave to amend his pleadings.

## **CONCLUSION**

Accordingly, the Court respectfully RECOMMENDS that City of Redwood's Motion to Dismiss [filed December 12, 2013; docket #29] be **GRANTED**.

Respectfully submitted this 24th day of April, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge