IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

    Defendants.

# ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is the Motion to Dismiss for Insufficient Service of Process, and to Vacate Clerk's Entries of Default, by Putative Defendants Neville Johnson and Lan Vu (filed January 14,

2014; Doc. # 72). Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this Court for ruling. (Doc. # 73.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court ORDERS that Defendants' motion be **granted in part** as set forth herein, and **denied in part** only insofar as the motion to dismiss has been withdrawn.

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His 22 claims for relief against 65 defendants arise from a 2003 break-up of Barra Partners, LLC, a merchant banking firm. (Doc. # 1.) Plaintiff asserts nine claims against Defendants Neville Johnson and Lan Vu (collectively, the "Defendants"): (1) Operation of a RICO Enterprise in violation of 18 U.S.C. § 1962(c) (First Claim for Relief); (2) Conspiracy to Violate RICO in violation of 18 U.S.C. § 1962(d) (Second Claim for Relief); (3) Conducting an Enterprise Through a Pattern of Racketeering Activity in violation of Colo. Rev. Stat. § 18-17-104(3) (Third Claim for Relief); (4) Racketeering Conspiracy in violation of Colo. Rev. Stat. § 18-17-104(4) (Fourth Claim for Relief); (5) Deprivation of Rights of Due Process and Equal Protection pursuant to 42 U.S.C. § 1983 (Ninth Claim for Relief); (6) Deprivation of Rights of Free Speech, Expression, Press, Petition, and Association as Guaranteed by the First Amendment pursuant to 42 U.S.C. § 1983 (Tenth Claim for Relief); (7) Aiding, Abetting, or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (8) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (9) Civil Conspiracy (Twentieth Claim for Relief).

On December 2, 2013, both Defendants were served at their office with the summons, civil cover sheet, and complaint. On December 24, 2013, after Defendants failed to respond, Plaintiff

moved for entries of default. The Clerk of the Court entered default against both Defendants on December 27, 2013. On January 14, 2014, the Defendants filed the present motion, urging the Court to vacate the entries of default and to dismiss the claims against them for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). In the alternative, they request that the Court vacate the entries of default pursuant to Fed. R. Civ. P. 55(c) and afford them additional time to file responsive pleadings. (Doc. # 72 at 3.)

After Plaintiff filed his response on February 4, 2014 (Doc. # 85), the Court held a status conference on February 6, 2014. During the conference, counsel for Defendants withdrew the motion to dismiss for insufficient service of process but moved orally to vacate the entries of default. (Doc. # 87.) On February 18, 2014, Defendants filed their reply, in which they reiterate that request. (Doc. # 112 at 3.) In their reply, Defendants also sought permission to file a responsive pleading by February 25, 2014. (*Id.*) Indeed, on February 25, 2014, Defendants filed a joint motion to dismiss with Defendants Johnson & Johnson LLP, Douglas Johnson, John Fowler, Victoriya Cassis, and Shake Andreasian. (Doc. # 138.)

In affidavits attached to their motion, each of the Defendants acknowledge that the summons, complaint, and civil cover sheet were delivered to a staff member at their office on December 2, 2013. (Doc. ## 72-1; 72-2.) However, they assert that the summonses were directed to Defendants' former client, Marcia Bruggeman-Hatch, who is also a Defendant in this action. The summonses did not direct Defendants to answer or respond to the complaint. On December 9, 2013, Defendants' law firm sent the documents served on Defendants to its insurance broker, which sent them to the firm's insurance carrier the following day. Defendants learned that the insurance carrier retained counsel in Colorado on their behalf on December 30, 2013, three days after defaults were entered.

**DISCUSSION**

In the interest of justice, courts prefer that disputes be resolved on their merits. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Fed. R. Civ. P. 55(c) provides that "for good cause shown the court may set aside an entry of default." The good cause standard is liberal in that default judgments are not favored by the courts. *Katzson Bros., Inc. v. United States*, 839 F.2d 1396, 1399 (10th Cir. 1988). Relief from an entry of default will be granted more readily and with a lesser showing than in the case of a default judgment; the good cause standard necessary to set aside a default is a lesser standard than the excusable neglect standard necessary to set aside a default judgment. *Dennis Garberg & Assoc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). The Court may consider three factors in determining "good cause" under Rule 55(c): (1) whether the default was willful or culpable; (2) whether the moving party has presented a meritorious defense; and (3) whether setting aside the default would prejudice the party who secured the entry of default. *Hunt v. Ford Motor Co.*, 65 F.3d 178, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished table opinion) (citing *In re Dierschke,* 975 F.2d 181, 183 (5th Cir. 1992)). The decision to set aside an entry of default lies within the trial court's discretion. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003).

First, Defendants' defaults did not result from their culpable conduct. It appears that the summonses served on Defendants did not direct them to answer or respond. (*See* Doc. # 72-1; 72-2.) Even if erroneous, Defendants' belief that they were not obligated to respond "does not represent a willful failure to respond." *See Bollacker v. Oxford Collection Agency, Inc.*, No. 07-cv-01730-WDM-MEH, 2007 WL 3274435, at *2 (D. Colo. Nov. 5, 2007) (unpublished) (citations omitted). Moreover, Defendants' law firm acted relatively quickly, sending the documents served on

Defendants to the firm's insurance broker one week after service. After that, Defendants were obligated by their firm's insurance policy to wait for the insurer to select counsel pursuant to its right and duty to defend. (Doc. ## 72-1 at 7; 72-2 at 7.) Therefore, that default was sought and entered while they waited cannot be attributed to their willful conduct. Moreover, counsel for Defendants entered their appearance four days after the entries of default, and through them Defendants filed the present motion fourteen days after that. Given this relatively quick response, the Court is not persuaded that Defendants willfully failed to respond.

Despite Plaintiff's assertions to the contrary, there is no indication that Defendants intentionally ignored the summonses or otherwise willfully defaulted. At bottom, Plaintiff's assertions that the defaults were entered due to Defendants' culpable conduct are based on circumstantial evidence that Defendants knew of their obligation to file responsive pleadings by at least December 3, 2013. For instance, Plaintiff asserts that Defendant Vu must have known when she allegedly called him that day, threatening him and telling him the complaint was frivolous, allegations that Defendant Vu denies. However, as stated above, Defendants' law firm acted just seven days after service, before default was entered. Further, once counsel entered their appearance on behalf of Defendants, only two weeks elapsed before Defendants filed the present motion to vacate, indicating alacrity, not a willful failure to respond. These facts persuade the Court that Defendants did not willfully fail to respond. As such, Defendants' defaults did not result from their culpable conduct. *See Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 508 (10th Cir. April 25, 2012) (unpublished) ("A party 'will be considered culpable only if the party defaulted willfully or has no excuse for the default.'" (citation omitted)).

Second, the Court is persuaded that Defendants have set forth, with specificity, a meritorious

defense.  *See In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978).  A defense is deemed meritorious if it would constitute a complete defense when established at trial.  *United States v. $55,518.05 in United States Currency*, 728 F.2d 192, 195 (3d Cir. 1984).  Defendants proffer specific defenses based on lack of personal jurisdiction, lack of state action, and statute of limitations.  They also plan to argue that attorneys cannot be liable for conspiracy or racketeering based on legal services provided to a client.  (Doc. # 72 at 8 (citing *Astarte, Inc. v. Pac Indus. Sys., Inc.*, 865 F. Supp. 693, 708 (D. Colo. 1994); *Sender v. Mann*, 423 F. Supp. 2d 1155, 1179 (D. Colo. 2006)); *see also* Doc. # 138 at 6-7.)  Reviewing the cases cited by Defendants, the Court is persuaded that this argument has merit.  Plaintiff has alleged that Defendants are attorneys who conspired with their clients (Doc. # 85 at 8), and Defendants assert in their motion that "[a]ll of Plaintiff's claims and allegations against [them] relate to their previous legal representation of [Defendant] Bruggeman-Hatch" (Doc. # 72 at 4).  According to one case cited by Defendants, an attorney, "being an agent of his principal, cannot be held liable for conspiracy with his principal where the agent acts within the scope of his authority and do not rise to the level of active participation in a fraud."  *See Astarte*, 865 F. Supp. at 708 (citation omitted); *see also Sender*, 423 F. Supp. 2d at 1179 ("an agent cannot conspire with his principal").  In response, Plaintiff attempts to distinguish one of these cases.  (Doc. # 85 at 8-9.)  However, a defendant need not *prove* its defenses at this stage; rather, a defendant need show only that its allegations, if true, constitute a defense under Fed. R. Civ. P. 60(b).  *See In re Stone*, 588 F.2d at 1319 ("[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense . . . .").  Because Defendants' argument based on *Astarte* and *Sender* may constitute a complete defense to the conspiracy claims, the Court finds that Defendants should have

7

the opportunity to assert their defenses.

Third, the Court finds that vacating the entries of default would not prejudice Plaintiff. Plaintiff asserts that giving Defendants eighty-four days to file their responsive pleadings would prejudice him and the other Defendants in this case. (Doc. # 85 at 8.) However, there is no indication that this delay will hinder Plaintiff's ability to pursue his claims due to loss of evidence or otherwise. Moreover, although Defendants' participation in this case was untimely, their counsel entered an appearance just four days after default was entered, and Defendants filed the present motion only fourteen days after that. The resulting "slight delay" of eighteen days will not prejudice Plaintiff's ability to prosecute his case. *See Zen & Art of Clients Server Computing, Inc. v. Res. Support Ass'n, Inc.*, No. 06-cv-00239-REB-MEH, 2006 WL 1883173, at *3 (D. Colo. June 15, 2006) (unpublished); *see also Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice when the motion to set aside default was filed only eighteen days after default was entered).

In sum, the Court finds good cause to set aside the defaults entered against Defendants.

## **CONCLUSION**

Accordingly, the Court ORDERS that the Motion to Dismiss for Insufficient Service of Process, and to Vacate Clerk's Entries of Default, by Putative Defendants Neville Johnson and Lan Vu (filed January 14, 2014; Doc. # 72) be **granted in part** as set forth herein and **denied in part**, only insofar as the motion to dismiss for insufficient service of process has been withdrawn. Specifically, the Court ORDERS that the Clerk's Entries of Default against Defendants Neville Johnson and Lan Vu be vacated and that the motion to dismiss filed on their behalf (Doc. # 138) be recognized as their responsive pleading pursuant to Fed. R. Civ. P. 12.

Dated this 14th day of May, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge