IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is a Motion to Dismiss (filed January 31, 2014; Doc. # 82) filed by Defendants Redwood City Police Sergeant Valancy Cook, Redwood City Police Lieutenant Sean

Hart, and Redwood City Police Chief Meynard "Jr." Gamez (collectively, the "Individual Redwood Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Doc. # 83.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be **granted**.[1]

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His 22 claims for relief against 65 defendants arise from a 2003 break-up of Barra Partners, LLC, a merchant banking firm. (Doc. # 1.) Plaintiff asserts three claims against all of the Individual Redwood Defendants collectively: (1) Aiding, Abetting, or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (2) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (3) Civil Conspiracy (Twentieth Claim for Relief). Plaintiff also asserts six additional claims against Defendant Cook: (1) Operation of a RICO Enterprise in violation of 18 U.S.C. § 1962(c) (First Claim for Relief); (2) Conspiracy to Violate RICO in violation of 18 U.S.C. § 1962(d); (3) Conducting an Enterprise Through a Pattern of Racketeering Activity in violation of

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Colo. Rev. Stat. § 18-17-104(3) (Third Claim for Relief); (4) Racketeering Conspiracy in violation of Colo. Rev. Stat. § 18-17-104(4) (Fourth Claim for Relief); (5) Deprivation of Rights of Due Process and Equal Protection pursuant to 42 U.S.C. § 1983 (Ninth Claim for Relief); and (6) Deprivation of Rights of Free Speech, Expression, Press, Petition, and Association as Guaranteed by the First Amendment pursuant to 42 U.S.C. § 1983 (Tenth Claim for Relief).

In their Motion to Dismiss, the Individual Redwood Defendants contend that (1) Plaintiff's claims should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (2) Plaintiff's claims should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Because the Court finds that it lacks personal jurisdiction over the Individual Redwood Defendants, it recommends that the claims against them be dismissed on that basis without reaching their Rule 12(b)(6) argument. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (recognizing that "a federal court may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties" (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998))).

## **LEGAL STANDARDS**

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). According to the Tenth Circuit, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

4

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

A plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229 (D. Colo. 2009) (citing *OMI Holdings, Inc. v. Royal Ins. Co. Of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The Court accepts a plaintiff's well-pled allegations as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D. Colo. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, the Due Process Clause requires that the exercise of personal jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S.

462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). However, to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman*, --- U.S. ---, ---, 134 S. Ct. 746, 761 (2014) (internal quotation marks and citation omitted).

Aside from the traditional minimum contacts analysis, in certain circumstances, the RICO statute also may authorize personal jurisdiction over out-of-state defendants. *See Cory v. Aztec Steel Bldg., Inc*, 468 F.3d 1226, 1231 (10th Cir. 2006); *see also* 18 U.S.C. § 1965(b). "[T]o determine whether jurisdiction is appropriate under RICO, the Court engages in a three step analysis: (1) whether personal jurisdiction can be established over one defendant; (2) whether the ends of justice require nationwide service; and (3) whether the exercise of jurisdiction comports with Due Process." *Greenway Nutrients, Inc. v. Blackburn*, --- F. Supp. 2d ---, ---, 2014 WL 1243671, at *14 (D. Colo. Mar. 26, 2014).

**ANALYSIS**

The Individual Redwood Defendants contend that Plaintiff has failed to establish personal jurisdiction under the traditional "minimum contacts" test. (Doc. # 82 at 11-14.) Plaintiff counters that Defendant Cook knew he resided in Colorado when she telephoned him in April and May 2011. (Doc. # 1-1 at 9, ¶ 635; 148, ¶ 963.) She allegedly did so at the direction of Defendants Hart and Gamez. (*Id.*) Plaintiff does not allege that any of the Individual Redwood Defendants purposefully

6

directed any other activities at him in Colorado.

Plaintiff's allegations do not establish that any of the Individual Redwood Defendants purposefully directed their actions at Colorado. Defendant Cook has provided an affidavit stating that she did not know she was calling Colorado because the telephone number had a New York area code. (Doc. # 259-1 at 3.) Plaintiff states that Detective Cook left a message saying, "from what I'm gathering it sounds like you are somewhere on the east coast." (Doc. # 125 at 4.) Thus, Detective Cook believed Plaintiff was located on the east coast, not in Colorado. The Court is not persuaded otherwise by Plaintiff's argument that Defendant Cook knew he was in Colorado based on a chain of inferences beginning with Defendant Lan Vu's alleged discovery of Plaintiff's internet protocol address. Besides, "[i]t is well-established that phone calls and letters are not necessarily sufficient in themselves to establish minimum contacts," *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995), and Plaintiff has not otherwise established a basis for personal jurisdiction over Defendant Cook. Defendant Cook's alleged conduct occurred in California, and Plaintiff does not allege that she engages in continuous and systematic contacts with Colorado that would render it at home here. *See Daimler AG*, --- U.S. at ---, 134 S. Ct. at 761. Moreover, Plaintiff does not allege that Defendant Hart or Defendant Gamez directed any activities at Plaintiff in Colorado, and both have provided affidavits in which they deny having done so. (Doc. ## 259-2 at 3; 259-3 at 3.) Thus, the Court recommends dismissing the claims against Redwood for lack of personal jurisdiction and declines to address Redwood's other arguments for dismissal.

Finally, although RICO authorizes nationwide service of process, Plaintiff has not established that it authorizes personal jurisdiction over any of the Individual Redwood Defendants. Indeed, RICO could authorize personal jurisdiction over only Defendant Cook, because she is the

7

only one of the Individual Redwood Defendants against whom Plaintiff asserts a RICO claim.  *Cf. Greenway Nutrients, Inc.*, --- F. Supp. 2d at ---, 2014 WL 1243671, at *14 (explaining that RICO could provide basis for personal jurisdiction over all defendants because plaintiff had asserted a RICO claim against each one).  However, RICO authorizes nationwide personal jurisdiction only when "required by the ends of justice." *See Cory*, 468 F.3d at 1231.  Plaintiff has not explained how the ends of justice require this Court to assert personal jurisdiction over Defendant Cook.  His having "sustained damages and litigation costs" in Colorado would not suffice.  *See id.* at 1232.  Thus, he has not shown why the preference against haling her into an unexpected forum is overcome here.  *See id.* at 1230-31 (explaining that in imposing the "ends of justice" requirement, "Congress expressed a preference that defendants not be unnecessarily haled into unexpected forums" (citing *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998))).

Plaintiff requests leave to amend the complaint if the Court finds that dismissal is warranted.  However, Plaintiff does not suggest that he can assert any new allegations that would give this Court personal jurisdiction over the Individual Redwood Defendants.  Therefore, the Court finds that amending the pleadings in the District of Colorado would be futile and recommends denying Plaintiff leave to amend his pleadings.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that the Individual Redwood Defendants' Motion to Dismiss (filed January 31, 2014; Doc. # 82) be **granted** for lack of personal jurisdiction, and that Plaintiff's claims against them be **dismissed without prejudice**.

Respectfully submitted this 19th day of May, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge