IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of
Barra Partners, LLC, a Delaware limited liability company,

      Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a
limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
CITY OF REDWOOD CITY CALIFORNIA,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

       Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

       Before the Court is Defendant Sue M. Kaplan's Motion to Dismiss Pursuant to Fed. R. Civ.

P. 12(b)(6) or, in the Alternative, Fed. R. Civ. P. 12(b)(2) (filed February 20, 2014; Doc. # 115).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation. (Doc. # 116.) The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication. For the reasons that follow, the Court respectfully RECOMMENDS that the Defendant Kaplan's motion be **granted**.[1]

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His 22 claims for relief against 65 defendants arise from a 2003 break-up of Barra Partners, LLC, a merchant banking firm. (Doc. # 1.) Plaintiff asserts six claims against Defendant Kaplan: (1) Deprivation of Rights of Due Process and Equal Protection pursuant to 42 U.S.C. § 1983 (Seventh Claim for Relief); (2) Deprivation of Rights of Free Speech, Expression, Press, Petition and Association as guaranteed by the First Amendment pursuant to 42 U.S.C. § 1983 (Eighth Claim for Relief); (3) Abuse of Process (Eleventh Claim for Relief); (4) Aiding, Abetting, or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (5) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (6) Civil Conspiracy (Twentieth Claim for Relief). Plaintiff seeks money damages for each claim. (Doc. # 1-1 at 194.)

---

[1]     Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

3

Plaintiff's claims against Defendant Kaplan arise from actions she took as a commissioner of the Superior Court of California, County of San Francisco. According to Plaintiff, in November and December 2006, two other Defendants in this action—Marcia Bruggeman-Hatch and Seamus Hatch—filed three lawsuits against him in that court. Several of the attorneys through whom the suits were filed are also Defendants in this case.[2] Two of those suits sought temporary restraining orders based on harassment allegations, and the third sought money damages for personal injury. In addition to assailing the merits of these suits as "frauds upon the court," Plaintiff alleges that he was not served with process or notified of any of them. He further alleges that yet another Defendant in this case, Diane D. Blick, submitted falsified evidence that Plaintiff was served in the personal injury suit. Plaintiff contends that, although Defendant Kaplan knew that Plaintiff had not been served properly, she granted the *ex parte* temporary restraining orders and entered default judgment in the personal injury suit. Moreover, she allegedly knew that her actions would affect Plaintiff in Colorado and New York, where he had purportedly been served regarding the personal injury suit, and that Plaintiff would be enjoined from exercising his First Amendment rights. She also allegedly knew that the Defendants who filed these suits would use them to have criminal charges brought against Plaintiff. Finally, Plaintiff alleges that Defendant Kaplan was acting under the improper influence of the politically powerful Defendant attorneys through whom the three suits were filed.

In her Motion to Dismiss, Defendant Kaplan contends that Plaintiff's claims should be dismissed because (1) they are barred by the Eleventh Amendment, (2) Defendant Kaplan is entitled to absolute judicial immunity, (3) the claims are barred by the *Rooker-Feldman* doctrine, and (4)

---

[2]     Plaintiff alleges that the suits were filed through, *inter alia*, Defendant-attorneys Miles F. Erhlich, Denelle M. Dixon-Thayer, John D. Sharp, and Michael A. Kahn.

Defendant Kaplan is not subject to personal jurisdiction in this District.  (Doc. # 115.)  She also contends that she is not a proper defendant with respect to Plaintiff's § 1983 claims and that his state tort claims fail as a matter of law.  (*Id.*)  Because the Court finds that it lacks personal jurisdiction over Defendant Kaplan, it recommends that the claims be dismissed on that basis without reaching Defendant Kaplan's other arguments.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (recognizing that "a federal court may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties (personal jurisdiction)" (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998))).

## LEGAL STANDARDS

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  According to the Tenth Circuit, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

A plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229 (D. Colo. 2009) (citing *OMI*

5

*Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The Court accepts a plaintiff's well-pled allegations as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D. Colo. 2004).

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, the Due Process Clause requires that the exercise of personal jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). However, to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there.

6

*Daimler AG v. Bauman*, --- U.S. ---, 134 S. Ct. 746, 761 (2014) (internal quotation marks and citation omitted).

## ANALYSIS

Plaintiff has not met his burden of establishing personal jurisdiction over Defendant Kaplan. As described above, Defendant Kaplan's only activities giving rise to Plaintiff's claims occurred in California. There is no indication that, in granting the temporary restraining orders and entering the default judgment, she purposefully directed those activities at Colorado. That they may have affected him in the forum state is insufficient. *See Dudnikov*, 514 F.3d at 1074 (recognizing that defendant's conduct must have been "expressly aimed" at the forum state (citing *Calder v. Jones*, 465 U.S. 783, 789 (1984))). Moreover, Plaintiff does not allege that Defendant Kaplan had sufficient continuous contacts with Colorado to render her essentially at home here. *See Daimler AG*, --- U.S. at ---, 134 S. Ct. at 761.

Plaintiff's argument that this Court may exercise personal jurisdiction here is unpersuasive. His argument appears to be that, because California's long-arm statute authorizes its courts to exercise personal jurisdiction to the extent it is consistent with due process, Colorado courts should be able to exercise personal jurisdiction to the same extent over Defendant California state actors. However, Colorado's long-arm statute is likewise coextensive with the limits imposed by due process. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (citations omitted). Plaintiff's argument misses the fact that due process, not the reach of Colorado's long-arm statute, prevents this Court from exercising personal jurisdiction over Defendant Kaplan.

Plaintiff's argument in favor of personal jurisdiction based on *Hall v. University of Nevada*, 503 P.2d 1363 (Cal. 1972), is unavailing. *Hall* involved a suit against the University of Nevada and

the State of Nevada arising from a car accident that occurred in California between the plaintiffs and a car owned by the University and State and operated by their agent. *Id.* at 1364. In contrast, Defendant Kaplan engaged in no similar activity in Colorado. Moreover, the primary issue in *Hall* was not personal jurisdiction but whether sovereign immunity barred the suit for damages against the State of Nevada in California state court. *Id.* Therefore, *Hall* does not persuade the Court that it may exercise personal jurisdiction over Defendant Kaplan in this case.

Plaintiff requests leave to amend the complaint if the Court finds that dismissal is warranted. However, Plaintiff does not suggest that he can assert any new allegations that would give this Court personal jurisdiction over Defendant Kaplan. Therefore, the Court finds that amending the pleadings in the District of Colorado would be futile and recommends denying Plaintiff leave to amend his pleadings.

## CONCLUSION

Accordingly, the Court respectfully RECOMMENDS that Defendant Kaplan's Motion to Dismiss (filed February 20, 2014; Doc. # 115) be **granted** for lack of personal jurisdiction, and that Plaintiff's claims against her be **dismissed without prejudice**.

Respectfully submitted this 19th day of May, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge