IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of
Barra Partners, LLC, a Delaware limited liability company,

      Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a
limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,

NEVILLE L. JOHNSON, an individual,
DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Twitter, Inc.'s Motion to Dismiss (filed November 26, 2013; Doc. # 19).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matter is referred to this

Court for recommendation (Doc. # 20).  The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication.  For the reasons that follow, the Court respectfully RECOMMENDS that the Motion to Dismiss be **granted** as described herein.[1]

### BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013 and proceeds *pro se*. His complaint contains twenty-two claims for relief against sixty-six defendants, which arise from a 2003 break-up of Barra Partners, LLC, a merchant banking firm.  (Complaint, docket #1.) Plaintiff asserts seven claims against Twitter: (1) Operation of a RICO Enterprise in Violation of 18 U.S.C. § 1962(c) (First Claim for Relief); (2) Conspiracy to Violate RICO, in Violation of 18 U.S.C. § 1962(c) (Second Claim for Relief); (3) Conducting an Enterprise Through a Pattern of Racketeering Activity in Violation of C.R.S. § 18-17-104(3) (Third Claim for Relief); (4) Racketeering Conspiracy in Violation of C.R.S. § 18-17-104(4) (Fourth Claim for Relief); (5) Aiding, Abetting or Participation in a Fraudulent Scheme (Eighteenth Claim for Relief); (6) Intentional Infliction of Emotional Distress (Nineteenth Claim for Relief); and (7) Civil Conspiracy (Twentieth Claim for Relief).

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

In its Motion to Dismiss, Twitter asserts that (1) Plaintiff's claims are barred by the Communications Decency Act, 47 U.S.C. § 230, and by the Stored Communications Act, 18 U.S.C. § 27091, et seq.; (2) Plaintiff fails to state claims for relief for RICO and COCCA violations, and for intentional infliction of emotional distress; and (3) a forum-selection clause in its Terms of Use renders venue in this District improper.  Because the Court finds that the forum-selection clause requires Plaintiff to bring his claims against Twitter in San Francisco County, California, the Court need not address Twitter's first and second arguments.

## DISCUSSION

In considering Twitter's forum-selection clause, the Court first determines whether the clause is valid; if it is, the Court will then turn to the proper means of enforcement.

## A.   VALIDITY OF THE FORUM-SELECTION CLAUSE

Forum-selection clauses are *prima facie* valid, and a party disputing enforceability bears a heavy burden of proof.  *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992) (citing *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)).  A forum-selection clause may be found unreasonable and, thus, unenforceable if: (1) the clause was incorporated due to fraud or overreaching; (2) enforcement of the clause would, as a practical matter, deprive the plaintiff of his or her day in court "because of the grave inconvenience or unfairness of the selected forum;" (3) enforcement the plaintiff will be deprived of a remedy due to the "fundamental unfairness of the chosen law;" or (4) enforcement would contravene a strong public policy of the forum in which suit is brought.  *Xantrex Tech. Inc. v. Advanced Energy Indus., Inc.*, No. 07-cv-02324-WYD, 2008 WL 2185882, at *10 (D. Colo. May 23, 2008) (citing *Haynesworth v. Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).  Once venue is challenged, the burden is on the

plaintiff to show proper venue.  *Ervin & Assocs., Inc. v. Cisneros*, 939 F. Supp. 793, 797 (D. Colo. 1996).

In this case, the Court finds that Plaintiff is bound by Twitter's forum-selection clause. Plaintiff agreed to Twitter's Terms of Service when he registered a Twitter account.  (*See* Doc. # 1, ¶¶ 802-810.)  Those terms included the clause: "All claims, legal proceedings or litigation arising in connection with the Services will be brought solely in San Francisco County, California, and you consent to the jurisdiction of and venue in such courts and waive any objection as to inconvenient forum."  (Doc. # 19-1 at 5.)  Plaintiff does not dispute that he agreed to the terms or that they mandate venue in San Francisco County.  Nor does he argue invalidity due to fraud, overreaching, grave inconvenience, or fundamental unfairness of the chosen law.  Instead, he argues that an exception applies because venue is proper in the District of Colorado as to other defendants who are allegedly members of the same conspiracy as Twitter, and that public policy militates against the clause's validity.

In support of his first position, Plaintiff cites *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985), a case acknowledging that under "a co-conspirator venue theory, where an action is brought against multiple defendants alleging a common scheme of acts or transactions in violation of securities statutes, so long as venue is established for any of the defendants in the forum district, venue is proper as to all defendants."  However, *Vigman* does not establish an exception to the forum-selection clause in this instance.  First, the Tenth Circuit has not adopted the co-conspirator venue theory.  *See S.E.C. v. Johnson*, 650 F.3d 710, 714 (D.C. Cir. 2011) (recognizing that only the Second, Fifth, and Ninth circuits have adopted the theory, and that all three circuit cases applying the theory predate *Central Bank of Denver v. First Interstate Bank of*

*Denver*, 511 U.S. 164 (1994), a case that may preclude the theory). Second, in the three circuit cases applying the theory, it was limited to the confines of securities claims, and a mandatory forum-selection clause requiring a different venue was not at issue. *See Vigman*, 764 F.2d at 1317; *Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 302 & n.12 (5th Cir. 1977); *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 620 (2d Cir. 1968).

Plaintiff also relies on *Magellan Real Estate Investment Trust v. Losch*, 109 F. Supp. 2d 1144 (D. Ariz. 2000), which held that RICO claims were outside the scope of a choice of law provision. In that case, however, the choice of law provision was "a narrow one requiring application of Ontario law only to disputes about the agreements and their construction. It contain[ed] no terms expanding its scope to all disputes related to or in connection with the agreement." *Id.* at 1158 (citation and internal quotation marks omitted). By contrast, the forum-selection clause at issue here applies to "[a]ll claims, legal proceedings or litigation arising in connection with [Twitter] Services." (Docket #19-1, p. 5.)

As for Plaintiff's contention that a public policy exception should apply, the Court is not persuaded. At most, Plaintiff suggests that enforcing this forum-selection clause would somehow "hinder enforcement of civil rights laws." (Doc. # 33 at 14 (citing *Red Bull Ass. v. Best Western Int'l, Inc.*, 862 F.2d 963, 967 (2d Cir. 1988).) However, Plaintiff has not asserted any civil rights claims against Twitter. Moreover, forum-selection clauses do not generally offend federal or state public policy. *See Liquid Magnetix Corp. v. Therma-Stor LLC*, No. 13-cv-03151-WJM, 2014 WL 1389984, at *4 (D. Colo. Apr. 9, 2014). Therefore, Plaintiff plainly falls short of satisfying the "heavy burden" required to overcome the presumption that forum-selection clauses are enforceable. *See Riley*, 969 F.2d at 957 (citations omitted).

6

**B.      ENFORCEMENT OF THE FORUM-SELECTION CLAUSE**

Although Twitter initially requested dismissal under Fed. R. Civ. P. 12(b)(3) or transfer under 28 U.S.C. § 1406(a), in December 2013, the Supreme Court rejected these as means of enforcing a valid forum-selection clause. *See Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, --- U.S. ---, --- , 134 S. Ct. 568, 577 (2013). Rather, the proper enforcement mechanism is the doctrine of *forum non conveniens*. *See id.* at 580. When the clause points to a state or foreign forum, the case may be dismissed under *forum non conveniens*, and when the clause points to another federal court, the case may be transferred pursuant to 28 U.S.C. § 1404(a). *See id.* Here, the forum-selection clause requires claims to be brought in "San Francisco County, California." (Doc. # 19-1 at 5.) Because the chosen venue is stated as a county, rather than a judicial district, the Court concludes that "venue is intended to lie only in state district court" in San Francisco County, California. *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) (citing *Intermountain Sys. v. Edsall Constr. Co.*, 575 F. Supp. 1195, 1198 (D. Colo. 1983)).

The forum-selection clause points toward a state court, and so the Court must consider whether *forum non conveniens* dismissal is appropriate. *See Atl. Marine*, 134 S. Ct. at 580 (explaining that *forum non conveniens* is appropriate where clause points to nonfederal forum (citation omitted)). According to *Atlantic Marine*, when *forum non conveniens* is raised pursuant to a valid forum-selection clause, a court may only consider "public-interest factors." *See Burke v. Sterling Trust Co.*, No. 13-cv-03046-RBJ, 2014 WL 1409423, at *3 (D. Colo. Apr. 11, 2014) ("Effectively, once the parties agree to a forum-selection clause, 'a district court may consider arguments about public-interest factors only.'" (quoting *Atl. Marine*, 134 S. Ct. at 582)). These

factors may include "the administrative difficulties flowing from court congestion[,] the local interest in having localized controversies decided at home[, and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 134 S. Ct. at 581 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). In evaluating the public-interest factors, the Court recognizes that "[i]n all but the most unusual cases . . . the 'interest of justice is served by holding parties to their bargain.'" *Id.* at 582.

Here, the public-interest factors do not outweigh the presumption of enforcing the forum-selection clause. As observed above, Plaintiff's argument based on the public interest in enforcing civil rights laws is irrelevant here because Plaintiff has brought no civil rights claims against Twitter. The Court notes that some of Plaintiff's claims against Twitter involve Colorado state law, which weighs against dismissal. However, Plaintiff's version of the facts shows that this is not a controversy localized in Colorado. (*See* Doc. # 33 at 3 (describing Twitter's purported collaboration with other California-based Defendants to "frame" Plaintiff as the "heart of Plaintiff's claims against Twitter").) Nor does the congestion of this Court's docket disfavor dismissal. There do not appear to be any other public-interest factors weighing against effecting this forum-selection clause through a *forum non conveniens* dismissal. The burden of "showing that public-interest factors overwhelmingly disfavor a transfer" falls upon Plaintiff, who filed suit in violation of Twitter's forum-selection clause. *See Atl. Marine*, 134 S. Ct. at 583. As noted above, the Supreme Court recently held that district courts should ordinarily give effect to a valid forum-selection clause. *Id.* at 581. In fact, the "vital interests of the justice system" are furthered by enforcing such a clause. *Id.* As such, the Court is not persuaded that this is one of those "most unusual cases" which public-interest factors outweigh the interests of enforcing the forum-selection clause. *See id.* at 582-83.

8

In sum, the Court is persuaded that the forum-selection clause in Twitter's Terms of Use is valid and that it should be enforced through a *forum non conveniens* dismissal of Plaintiff's claims against Twitter. Based on this finding, the Court need not address Twitter's arguments for dismissal pursuant to Rule 12(b)(6).

Plaintiff requests leave to amend the complaint if the Court finds "any defect in the complaint." (Doc. # 33 at 15.) The defect the Court finds is the existence of a forum-selection clause dictating that Plaintiff's claims against Twitter be brought in another venue. This is not a "defect" that can be cured by more detailed allegations about the merits of the underlying claims. Moreover, Plaintiff does not suggest the possibility of making any new allegations that would provide a valid exception to the forum-selection clause. Therefore, the Court recommends denying Plaintiff's request for leave to amend at this time.

## <u>CONCLUSION</u>

Accordingly, the Court respectfully RECOMMENDS that Twitter, Inc.'s Motion to Dismiss (filed November 26, 2013; docket #19) be **granted** and that Plaintiff's claims against Twitter be dismissed under the doctrine of *forum non conveniens*.

Respectfully submitted this 28th day of May, 2014, at Denver, Colorado.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge