**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the **Recommendation of United States Magistrate Judge** [#298],[1] filed May 19, 2014. No objections having been filed to the recommendation, I review it only for plain error.[2] *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).

Finding no error, much less plain error, in the magistrate judge's recommended disposition, I find and conclude that recommendation should be approved and adopted. I concur with the magistrate judge's conclusion that nothing in the complaint plausibly

---

[1] "[#298]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. Nevertheless, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See* ***Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

alleges a valid basis for this court to assume either general or specific personal jurisdiction over defendant Sue Kaplan in this forum.[3]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#298], filed May 19, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That **Defendant Sue M. Kaplan's Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Fed. R. Civ. P. 12(b)(2)**, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows;

    a. That the motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims against defendant, Sue M. Kaplan, on the basis of lack of personal jurisdiction in this forum; and

    b. That in all other respects, the motion is **DENIED AS MOOT**;

4. That plaintiff's claims against defendant, Sue M. Kaplan, are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendant, Sue M. Kaplan, against plaintiff, Jon A. Goodwin, as to all claims and causes of action asserted against this defendant herein; and

---

[3] The magistrate judge further recommends denying plaintiff's request for leave to amend his complaint to attempt to assert valid claims against Ms. Kaplan, noting that plaintiff neither argues nor demonstrates that he could plead additional facts that might establish personal jurisdiction over this defendant. Not only do I concur with the recommendation in this respect, I also note that the request – contained within his response to the motion to dismiss – also is procedurally improper. *See* **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.").

2

6. That defendant, Sue M. Kaplan, is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated June 10, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge