**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the
benefit of Barra Partners, LLC, a Delaware limited liability company,

      Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

      Defendants.

---

**ORDER RE: RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

      The matters before me are (1) the **Recommendation of United States
Magistrate Judge** [#295],[1] filed May 19, 2014; and (2) **Plaintiff's Objection to
Magistrate Judge Hegarty's Recommendation [#295] To Grant the Individual
Redwood City Defendant's** [*sic*] **Motion To Dismiss [#82]** [#312], filed June 2, 2014.
I overrule the objection, adopt the recommendation, and grant the apposite motion to
dismiss for lack of personal jurisdiction over the movants in this forum.

      Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally
and held them to a less stringent standard than formal pleadings drafted by lawyers.
*See **Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081
(2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**,

---

[1] "[#295]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this
convention throughout this order.

935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed.  Thus, I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objection is imponderous and without merit.  RICO permits nationwide service of process (and thus personal jurisdiction over non-resident defendants) only when (1) the action is brought in a district court where personal jurisdiction can be established over at least one defendant; and (2) the ends of justice so require.  **See Cory v. Aztec Steel Building, Inc.**, 468 F.3d 1226, 1231 (10th Cir. 2006), **cert. denied**, 127 S.Ct. 2134 (2007).  Assuming *arguendo* that plaintiff could establish personal jurisdiction as to one defendant – a proposition that he has not even addressed, much less proved – nothing in plaintiff's objection demonstrates that the ends of justice require the assertion of nationwide personal jurisdiction in this case.[2]  "The "ends of justice' is a flexible concept uniquely tailored to the facts of each case." **Id.** at 1232.  Plaintiff's wholly unsubstantiated assertion that his limited economic resources is insufficient in the circumstances of this case to justify resort to the national process available under RICO.

I thus find and conclude that the arguments advanced, authorities cited, and

---

[2]  Plaintiff's request for leave to amend his complaint – both in his response to the motion and in his objections to the recommendation – to attempt to assert valid claims is procedurally improper.  **See D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); **Health Grades, Inc. v. MDX Medical, Inc.**, 2012 WL 4351601 at *1 (D. Colo. Sept. 24, 2012) (in regard to party's request for relief made in objections to recommendation of magistrate judge, "[t]he merits of any such request was [*sic*] not before the Court, as plaintiff had not filed a motion requesting any court action.").

findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#295], filed May 19, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2.  That the objections stated in **Plaintiff's Objection to Magistrate Judge Hegarty's Recommendation [#295] To Grant the Individual Redwood City Defendant's** [sic] **Motion To Dismiss [#82]** [#312], filed June 2, 2014, are **OVERRULED**;

3.  That **Redwood City Police Sergeant Valancy Cook, Redwood City Police Lieutenant Sean Hart, and Redwood City Police Chief Meynard "JR" Gamez'** [sic] **Motion To Dismiss** [#82], is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

    a.  That the motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims against the movants on the basis of lack of personal jurisdiction in this forum; and

    b.  That in all other respects, the motion is **DENIED AS MOOT**;

4.  That plaintiff's claims against defendants, Valancy Cook (misnamed in the caption as "Val Cook"); Sean Hart; and Meynard "JR" Gamez (misnamed in the caption as "Maynard JR Gamez), are **DISMISSED WITHOUT PREJUDICE**;

5.  That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendants, Valancy Cook (misnamed in the caption as "Val

3

Cook"); Sean Hart; and Meynard "JR" Gamez (misnamed in the caption as "Maynard JR Gamez), against plaintiff, Jon A. Goodwin, on all claims for relief and causes of action asserted against this defendant herein; and

6.  That defendants, Valancy Cook (misnamed in the caption as "Val Cook"); Sean Hart; and Meynard "JR" Gamez (misnamed in the caption as "Maynard JR Gamez), are **DROPPED** as a named parties to this action, and the case caption **AMENDED** accordingly.

Dated July 7, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge

4