**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

    Defendants.

**ORDER RE: RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#308],[1] filed May 28, 2014; and (2) **Plaintiff's Objection to Magistrate Judge Hegarty's Recommendation [#308] To Grant Twitter, Inc.'s Motion To Dismiss** [#320], filed June 11, 2014.  I sustain the objection in part, overrule it in part, and grant the underlying motion to dismiss.

Plaintiff is proceeding *pro se*.  Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92

---

[1]  "[#308]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Thus, I have considered carefully the recommendation, objections, and applicable caselaw.

Plaintiff's claims against Twitter arise from two separate sets of factual allegations. In the first, plaintiff alleges causes of action arising from Twitter's 2010 response to a subpoena issued by the California state court in the underlying defamation action. The second arises from Twitter's removal of a threatening tweet that purportedly originated from plaintiff's Twitter account. The magistrate judge recommends that the motion to dismiss be granted on the basis of a valid forum-selection clause contained within Twitter's Terms of Service, which provides, relevantly, that

> [a]ll claims, legal, proceedings or litigation arising in connection with the Services shall be brought solely in San Francisco County, California, and you consent to the jurisdiction of and venue in such courts and waive any objection as to inconvenient forum.

(**Def. Motion App.**, Exh. 1 at 5.)

I agree with the magistrate judge that this language is sufficiently comprehensive to encompass plaintiff's claims emanating from the tweet that ostensibly was posted by a third party from plaintiff's account. Although plaintiff alleges that he did not post the tweet, the forum-selection clause is not cabined to *plaintiff's* use of the Services.[2] The language encompassing "all claims . . . arising in connection with the Services" is

---

[2] "Services" is defined, tautologically, to include "the services and Twitter's websites." (**Def. Motion App.**, Exh. 1 at 1.)

sufficiently expansive to bring plaintiff's allegations within the ambit of the forum-selection clause.  To that extent, therefore, I approve and adopt the recommendation.

However, I do not grant the motion to dismiss on the ground of *forum non conveniens* because the magistrate judge's analysis fails to account further for plaintiff's allegations regarding Twitter's response to the subpoena.  These allegations do not implicate Twitter's Services at all, and thus the forum-selection clause is irrelevant to such claims.  To that extent, therefore, I must respectfully reject the magistrate judge's recommendation.

Nevertheless, I agree with Twitter that the amended complaint fails to plausibly allege valid RICO, COCCA, or state law claims for relief.[3]  Assuming *arguendo* that the amended complaint adequately asserts the other elements of a RICO[4] and COCCA[5] claim – an assumption not at all borne out by perusal of the pleading – plaintiff plainly has failed to allege adequate facts (as opposed to mere conclusions) to plausibly suggest the existence of a RICO enterprise.  *See* 18 U.S.C. § 1961(4) (RICO enterprise

---

[3]  Twitter's invocation of the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701 *et seq*, as prohibiting claims based on its response to the subpoena is unavailing.  The safe harbor provided by the Act applies to court-ordered disclosures in criminal investigations.  *See* 18 U.S.C. § 2703(d).

[4]  The elements of a cause of action under RICO are (1) that defendant participated in the conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.  ***Tal v. Hogan***, 453 F.3d 1244, 1269 (10th Cir. 2006).  The existence of an enterprise requires proof (1) of an ongoing organization with a decision-making framework or mechanism for controlling the group; (2) that the various associates function as a continuing unit; and (3) that the enterprise exists separate and apart from the pattern of racketeering activity.  ***United States v. Sanders***, 928 F.2d 940, 943-44 (10th Cir. 1991), ***cert. denied***, 502 U.S. 845, 112 S.Ct. 142, 116 L.Ed.2d 109 (1991); ***Internet Archive v. Shell***, 505 F.Supp.2d 755, 769 (D. Colo. 2007).

[5]  The elements of a claim under COCCA mirror those of a RICO claim.  *See* §§18-17-103(2) & 18-17-103(3), C.R.S.  Because plaintiff's RICO and COCCA claims thus are coextensive with one another, failure to plead a plausible RICO claim is fatal to any COCCA claim as well.  ***See Brooks v. Bank of Boulder***, 891 F.Supp. 1469, 1478 (D. Colo. 1995).

3

"includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"); ***Gottstein v. National Association for Self Employed***, 53 F.Supp.2d 1212, 1219 (D. Kan. 1999) ("A RICO enterprise is an ongoing structure of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making.") (citations and internal quotation marks omitted). The vague allusions in the amended complaint to "relationships" between Twitter and other defendants is completely unsubstantiated by any fact that might even hint at the existence of a RICO enterprise. I therefore find and conclude that these claims must be dismissed pursuant to Rule12(b)(6).[6]

Likewise, plaintiff has failed to adequately plead any facts supporting his purported state law claims as against Twitter specifically. Instead, plaintiff alleges these claims globally against "defendants" or "the RICO defendants." Such group pleading is insufficient to meet satisfy plaintiff's pleadings burden. ***See Robbins v. Oklahoma***, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[I]t is particularly important in such circumstances [where multiple defendants are sued] that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state."); ***Chambers v. Cooper***, 2014 WL 561371 at *1 (D. Colo. Feb. 12,

---

[6] Plaintiff's request for leave to amend his complaint – both in his response to the motion and in his objections to the recommendation – to attempt to assert valid claims is procedurally improper. ***See* D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); ***Health Grades, Inc. v. MDX Medical, Inc.***, 2012 WL 4351601 at *1 (D. Colo. Sept. 24, 2012) (in regard to party's request for relief made in objections to recommendation of magistrate judge, "[t]he merits of any such request was [*sic*] not before the Court, as plaintiff had not filed a motion requesting any court action.").

2014). These claims therefore also are properly dismissed pursuant to Rule 12(b0(6) as well.

   **THEREFORE, IT IS ORDERED** as follows:

   1. That the **Recommendation of United States Magistrate Judge** [#308], filed May 28, 2014, is **APPROVED AND ADOPTED** in part and respectfully **REJECTED IN PART**, as follows:

    a. That the recommendation is **APPROVED AND ADOPTED** as an order of this court insofar as it recommends dismissal of plaintiff's claims relating to the alleged posting by a third party under plaintiff's Twitter account; and

    b. That in all other respects, the recommendation is respectfully **REJECTED** as more fully detailed in this Order;

   2. That the objections stated in **Plaintiff's Objection to Magistrate Judge Hegarty's Recommendation [#308] To Grant Twitter, Inc.'s Motion To Dismiss** [#320], filed June 11, 2014, are **SUSTAINED IN PART** and **OVERRULED IN PART** as follows;

    a. That the objection is **SUSTAINED** insofar as it implicates plaintiff's claims relating to Twitter's compliance with the subpoena issued by the California state court; and

    b. That in all other respects, the objection is **OVERRULED**;

   3. That **Twitter, Inc's Motion To Dismiss** [#19], filed November 26, 2013, is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows:

    a. That the motion is **GRANTED**:

>> (1) On the basis of the forum selection clause, with respect to plaintiff's claims relating to the alleged posting by a third party under plaintiff's Twitter account based on the application of a valid forum selection clause; and
>
>> (2) For failure to state a claim on which relief may be granted, with respect to plaintiff's claims relating to Twitter's compliance with the subpoena issued by the California state court; and
>
> b. That in all other respects, the motion is **DENIED AS MOOT**;

4. That plaintiff's claims against Twitter, Inc., are **DISMISSED WITHOUT PREJUDICE**;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendant, Twitter, Inc., against plaintiff, Jon A. Goodwin, as to all claims and causes of action asserted against this defendant herein; and

6. That defendant, Twitter, Inc., is **DROPPED** as a named party to this action, and the case caption **AMENDED** accordingly.

Dated July 7, 2014, at Denver, Colorado.

                                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge