IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual,
SEAMUS JOHN PAUL HATCH, an individual,
MICHAEL DOUGLAS BOCK, an individual,
ARAN STRATEGIC FINANCE, LLC a limited liability company,
DAVID MARK JARGIELLO, an individual,
BARRY S. LEVIN, an individual,
ROBERT A. EPSEN, an individual,
MATTHEW L. LARRABEE, an individual,
HELLER EHRMAN LLP, a limited liability partnership,
TIMOTHY ROBBINS, an individual,
THOMAS F. VILLENEUVE, an individual,
KENNETH ROBERT MCVAY, an individual,
IVAN ALEXANDER GAVIRIA, an individual,
DANIEL JURG NIEHANS, an individual,
DANIEL E. O'CONNOR, an individual,
SCOTT ARMIENTI, an individual,
JONATHAN M. GLEASON,
SCOTT C. DETTMER, an individual,
ROBERT V. GUNDERSON, JR., an individual,
MICHELLE ROBERTSON, an individual,
GUNDERSON DETTMER STOUGH VILLENEUVE FRANKLIN & HACHIGIAN, LLP, a limited liability partnership,
MILES FREDERICK EHRLICH, an individual,
RAMSEY & EHRLICH LLP, a limited liability partnership,
DENELLE MARIE DIXON-THAYER, an individual,
JOHN DANIEL SHARP, an individual,
MICHAEL ALEXANDER KAHN, an individual,
DIANE D. BLICK, an individual,
FOLGER LEVIN KAHN, LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
SAVVIS, INC., a corporation,
SUE M. KAPLAN, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,
NEVILLE L. JOHNSON, an individual,

DOUGLAS L. JOHNSON, an individual,
LAN PHOJNG VU, an individual,
JOHN DALE FOWLER, an individual,
JONATHAN MARTIN TURCO, an individual,
VIKTORIYA CASSIS, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SHAKE ANDREASIAN, an individual,
JOHNSON & JOHNSON LLP, a limited liability partnership,
PAUL WILLIAM TWEED, an individual,
KATHRYN HELENA LOUISE MATHEWS, an individual,
PAUL TWEED LLP, a business entity,
JOHNSONS LAW FIRM, a business entity,
VAL COOK, an individual,
TWITTER, INC., a corporation,
VENTURE LAW GROUP, a professional corporation,
HELLER EHRMAN (CALIFORNIA), a professional corporation,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JEFFREY L. SCHOTTLER, an individual,
JOHN C. GONZALEZ, an individual,
KANNAN P. SRINIVASAN, an individual,
MAYNARD JR GAMEZ, an individual,
SEAN HART, an individual,
EMILY WARREN CHURCH, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual,
BARRA PARTNERS, LLC, actually named as nominal defendant,

   Defendants.

## **AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Michael E. Hegarty, United States Magistrate Judge**.

---

[1] The amendment is made solely as follows: the original Recommendation incorrectly listed the Renewed Joint Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2) filed by Heller Ehrman (California), a Professional Corporation, and Robert A. Epsen (filed May 19, 2014; docket #292) in its final paragraph. However, this Court has not yet ruled on that motion; thus, it is properly omitted here.

The following motions to dismiss are before the Court:

(1) Defendant Emily Church's Motion to Dismiss (filed February 21, 2014; docket #124);

(2) Defendant Daniel Niehans' Motion to Dismiss (filed February 24, 2014; docket #131);

(3) Motion to Dismiss on behalf of Defendants Neville Johnson, Lan Vu, Johnson & Johnson LLP, Douglas Johnson, John Fowler, Viktoriya Cassis, and Shake Andreasian (collectively "Johnson & Johnson Defendants) (filed February 25, 2014; docket #138);

(4) Motion to Dismiss by Defendants Miles Frederick Ehlrich and Ramsey & Ehlrich LLP (collectively "Defendant Ehlrich") (filed April 16, 2014; docket #222);

(5) Defendant Barry S. Levin's Motion to Dismiss Pursuant to FRCP Rules 12(b)(2) and 12(b)(6) (filed April 18, 2014; docket #240);

(6) Motion to Dismiss of Specially Appearing Defendant Matthew L. Larrabee for Insufficient Service of Process, for Lack of Personal Jurisdiction, and for Failure to State a Claim (filed April 23, 2014; docket #251);

(7) Motion to Dismiss of Defendants Thomas Villeneuve and Timothy Robbins (filed May 2, 2014; docket #264);

(8) Motion to Dismiss of Defendants Daniel O'Connor, Ivan Gaviria, Jonathon Gleason, Michelle Robertson, Robert Gunderson Jr., Scott Armienti, Scott Dettmer, and Kenneth McVay (collectively "Gunderson Defendants") (filed May 2, 2014; docket #266);

(9) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2) filed by David M. Jargiello (filed May 19, 2014; docket #296); and

(10) FLK Defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) (filed May 20, 2014; docket #299).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), the matters are referred to this Court for recommendation. The matters are briefed to the extent required by court rules and the prevailing law, and the Court finds that oral argument is not necessary for the adjudication of the motions. For the reasons that follow, the Court respectfully RECOMMENDS that the Motions to Dismiss be **granted**.[2]

## BACKGROUND

Plaintiff, Jon A. Goodwin, initiated this action on October 30, 2013, and proceeds *pro se*. The complaint contains twenty-two claims for relief against sixty-six Defendants arising from the 2003 break-up of Barra Partners, LLC, ("Barra Partners") a merchant banking firm. Docket #1. The 380-page complaint alleges a criminal enterprise and a conspiracy against Plaintiff that give rise to claims of racketeering, civil rights violations, breaches of contract, and fraud, among other claims.

Plaintiff first filed a lawsuit on November 24, 2004 in San Francisco Superior Court, alleging ten claims for relief against Defendants Hatch, Bock, Bruggeman-Hatch, Stamets, Jargiello, Luk, and Ehrman. Docket #1, at ¶ 457. The Superior Court dismissed the case without prejudice in 2005 for failure to prosecute. *Id*. Since then, three lawsuits have been filed against Plaintiff in the San

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

4

Francisco Superior Court. First, on November 6, 2006, Defendant Marcia Bruggeman-Hatch filed a "Petition for Injunction Prohibiting Harassment" against Plaintiff, Case number CCH-06-565565. *Id*. at ¶ 529. Second, on November 6, 2006, Defendant Bruggeman-Hatch filed a personal injury complaint against Plaintiff, Case number CGC-06-457679. *Id*. at ¶ 535. Third, on November 8, 2006, Defendant Seamus Hatch filed a "Petition for Injunction Prohibiting Harassment" against Plaintiff, Case number CCH-06-565574. *Id*. at ¶ 532. Temporary Restraining Orders were granted in the first and third actions and a default judgment was entered in the second action.

The pending motions to dismiss are based on grounds that (1) this Court lacks personal jurisdiction over the Defendants, (2) the allegations fail to state claims upon which relief may be granted, and/or (3) the claims are barred by the statute of limitations. Because the Court finds that it lacks personal jurisdiction over each defendant who has raised this defense, it will not address the remaining grounds for dismissal. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (recognizing that "a federal court may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties" (citing *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93-102 (1998))).

## LEGAL STANDARDS

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). According to the Tenth Circuit, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

A plaintiff bears the burden of establishing personal jurisdiction over each defendant. *Grynberg v. Ivanhoe Energy, Inc.*, 666 F. Supp. 2d 1218, 1229 (D. Colo. 2009) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)). The Court accepts a plaintiff's well-pled allegations as true to determine whether the plaintiff has made a prima facie showing that the defendants are subject to the Court's personal jurisdiction. *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). The Court "may also consider affidavits and other written materials submitted by the parties." *Impact Prods., Inc. v. Impact Prods., LLC*, 341 F.Supp.2d 1186, 1189 (D. Colo. 2004).

## DISCUSSION

The Motions to Dismiss contend that this Court lacks personal jurisdiction over the relevant Defendants because they do not have "minimum contacts" with the state of Colorado. Plaintiff responds that some of the Defendants meet the minimum contacts requirement while apparently conceding that others do not. For those Defendants subject to Plaintiff's RICO claims, Plaintiff argues that the RICO statute authorizes nationwide personal jurisdiction.     The Court will first apply the minimum contacts standard to the factual allegations for each Defendant to determine whether the Due Process clause permits personal jurisdiction. Next, the Court will determine whether the RICO statute authorizes personal jurisdiction over all of the Defendants in this case.

**A.      Minimum Contacts**

The Due Process Clause permits the exercise of personal jurisdiction over nonresident defendants when two conditions are met. First, a defendant must have "minimum contacts" with the forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Second, if sufficient minimum contacts are shown, the Due Process Clause requires that the exercise of personal jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Impact Prods.*, 341 F. Supp. 2d at 1190.

The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a nonresident defendant "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotations omitted). Where a court's exercise of jurisdiction does not directly arise from or relate to a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's general business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984). However, to be subject to general jurisdiction in a forum state, a defendant's affiliations with that state must be "so 'continuous and systematic' as to render [it] essentially at home" there. *Daimler AG v. Bauman*, --- U.S. —, 134 S. Ct. 746, 761 (2014) (internal quotation marks and citation omitted).

1.      Defendant Church (docket #124)

Defendant Church is the ex-wife of Defendant Hatch, Plaintiff's former business partner with Barra Partners. Docket #1 at ¶ 154. Defendants Church and Hatch divorced in June 2003. *Id*.

7

Plaintiff alleges that Church has resided in California "[a]t all times pertinent hereto." *Id*. Plaintiff's claims against Defendant Church are based on the following allegations:

> On October 30, 2003, Goodwin received an email from Defendant Church informing him that she had heard he may be moving to New York City and wanted to remain in contact with him. Given the issues Goodwin was having with Defendant Hatch, he was suspicious regarding the reasons Church was [sic] cited for contacting him. Subsequent to Goodwin replying to Church, she forwarded Goodwin's email to Hatch . . . and did not further reply. Based on these facts, Goodwin is certain that Church was "phishing" to determine whether he was aware of her participation in Hatch's fraudulent usurpation of the For3D Project from Barra partners . . . and, upon information and belief, to assist Defendant Hatch to manufacture false evidence that Goodwin was withdrawing from Barra Partners and moving to New York.

(*Id*. at ¶ 307.)

These allegations do not present any activity purposefully directed at Colorado by Church, and Plaintiff's response does not contend otherwise. Accordingly, the Court finds that Plaintiff has not established minimum contacts between Colorado and Defendant Church.

    2.    Defendant Niehans (docket #131)

Defendant Niehans was a partner at Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP ("Gunderson Dettmer") from 1996 to 2009; he then worked part time until he retired from the practice of law in 2011. Docket #131-1 at ¶ 2. Defendant Niehans was involved in risk management on behalf of Gunderson Dettmer, and it was in this role that he "became aware of [Plaintiff's] history of malicious conduct and harassment of Marcia Hatch, a Gunderson Dettmer partner, and her family." *Id*. at ¶ 3.

Plaintiff alleges that he called Defendant Gunderson on October 20, 2010, and left a message with Defendant Robertson. Docket #1 at 598. In response to that message, Defendant Niehans sent

the following email to Defendants Gunderson, O'Connor, Bruggeman-Hatch and Armienti:

> No response is necessary. Goodwin has been stalking Marcia [Bruggeman-Hatch] for a long time, mostly on the internet. If Goodwin calls again, please feel free to say that you are not authorized to take a message from him and hang up. I hope your interaction with him was not too unpleasant.

*Id*. at ¶ 638. Defendant Bruggeman-Hatch attached Defendant Niehans' email message to her written declaration in support of judgment against Goodwin in the 2010 Injunction Action in California Superior Court. *Id*. at ¶ 598.

The email sent by Defendant Niehans does not establish a connection between Defendant Niehans and the state of Colorado, and Plaintiff does not allege any other specific facts about Defendant Niehans. In an affidavit attached to his motion, Defendant Niehans admits to visiting Colorado in 1974 on his way across the country, and again in 2010 on a personal vacation. Docket #131-1 at ¶ 5. Those visits do not amount to the "continuous and systematic contacts" with Colorado that are required to establish general jurisdiction.

Plaintiff appears to argue that, because Gunderson Dettmer has contacts with Colorado, Defendant Niehans is subject to suit individually. However, it is well-established that a limited partnership, such as Gunderson Dettmer, is a separate legal entity from its individual partners. *See Leonard v. McMorris*, 63 P.3d 323, 330 (Colo. 2003). Moreover, Defendant Niehans was no longer a partner in 2010, when he sent the email. Under these circumstances, it would offend traditional notions of fair play and substantial justice for this Court to exercise personal jurisdiction over Defendant Niehans.

Accordingly, the Court finds that Plaintiff has not met his burden of establishing this Court's personal jurisdiction over Defendant Niehans.

3.       Johnson & Johnson Defendants (docket #138)

Defendants Neville Johnson, Douglas Johnson, Lan Vu, John Fowler, Viktoriya Cassis, and Shake Andreasian are employed by Johnson & Johnson LLP, a law firm located in Beverly Hills, California.  Johnson & Johnson LLP represented Defendant Bruggeman-Hatch and Gunderson Dettmer in California legal proceedings involving Plaintiff.  According to Plaintiff, at a California court hearing on July 26, 2011, Neville Johnson, Douglas Johnson, and Lan Vu tendered false testimony to the court from their client, submitted a misleading declaration to the court, and made false statements during oral argument, which prejudiced the court's findings. Docket #1,¶¶ 649-661, 910.

Plaintiff alleges that the Johnson & Johnson Defendants each reside in California, and that the law firm's principal place of business is in California. *Id.* at ¶ 113-31.  Although Plaintiff alleges that he was in Colorado when some of the California court proceedings occurred, and that the Johnson & Johnson Defendants knew he was in Colorado because they had obtained his IP address, he does not allege that they purposefully directed activities at him in Colorado. *Id.* at ¶ 661.  Indeed, he alleges that the Johnson & Johnson Defendants purposefully did *not* attempt service of process on him in Colorado, and falsely told the California court that Plaintiff's whereabouts were unknown. *Id.*

As to general jurisdiction, there are no allegations that the Johnson & Johnson Defendants had business contacts in Colorado, much less continuous and systematic ones.  Plaintiff has not alleged that any of the Johnson & Johnson Defendants practice law in Colorado, or are licensed to do so.

In any event, even if minimum contacts could be established over these Defendants, the

10

exercise of personal jurisdiction over them would likely fail the second prong of the Due Process analysis; in my opinion, it would "offend traditional notions of fair play and substantial justice" to haul lawyers and employees of a law firm halfway across the country because of their relatively brief representation of California clients in California courts.

Accordingly, the Court finds that it does not have specific or general jurisdiction over the Johnson and Johnson Defendants.

    4.       Defendant Ehrlich (docket #222)

Defendant Ehrlich was an Assistant United States Attorney with the U.S. Attorney's Office for the Northern District of California and he now works in private practice with Ramsey & Ehrlich, LLP. Docket #1, ¶¶ 95, 97. Ehrlich resides in Berkeley, California, and his law firm is a California registered limited liability partnership with its principal place of business in Berkeley, California. *Id.* at ¶¶ 96-97.

Plaintiff alleges that he telephoned Ehrlich on May 9, 2005 to report alleged conspiracies by several Defendants in this action. *Id.* at ¶ 452. At the end of the phone call, Ehrlich told Plaintiff he would "get back to him." *Id.* at ¶ 456. Ehrlich did not pursue an investigation into the matters that Plaintiff reported. *Id.* at ¶ 516. In 2006, after Ehrlich had left the U.S. Attorney's Office, he represented Defendant Bruggeman-Hatch in matters related to those reported to him by Plaintiff during the May 9, 2005 phone call. *Id.*

None of the foregoing allegations demonstrate that Ehrlich purposefully directed activities at a Colorado resident, or that Plaintiff's injuries resulted from such activity. Ehrlich's activities arise from his duties as an Assistant U.S. Attorney in California, and from his representation of a California resident in a California court. Further, none of the allegations establish that Ehrlich had

business contacts in Colorado, much less continuous and systematic ones. Thus, this Court finds that the minimum contacts test has not been satisfied as it lacks specific or general jurisdiction over Defendant Ehrlich.

      5.      Defendant Levin (docket #240)

On May 23, 2004, Plaintiff sent an email to Levin, who was at that time Chairman of the Heller Ehrman law firm in San Francisco, California. Docket #1 at ¶ 415. The email was marked "confidential" and informed Levin that Defendant Bruggeman-Hatch and Heller Ehrman attorneys had engaged in illegal activities. *Id.* Levin replied to Plaintiff's email and copied Defendant Espen (allegedly Heller Ehrman's general counsel). *Id.* at ¶ 419. These allegations do not establish that Levin purposefully directed his activity at a Colorado resident. Thus, this Court lacks specific jurisdiction over Levin.

Levin has declared by affidavit that he has never appeared in state or federal court in Colorado, resided in Colorado, pursued business or had employees in Colorado, owned real estate or other property in Colorado , or maintained any office or bank account in Colorado. Docket #240-1. Plaintiff does not dispute Levin's declaration. Thus, this Court lacks general jurisdiction over Levin.

Accordingly, Plaintiff has failed to establish that Levin has minimum contacts with Colorado.

      6.      Defendant Larrabee (docket #251)

Although the parties dispute the sufficiency of service of process, the Court determines that personal jurisdiction is resolved more efficiently in this instance by addressing whether Larrabee has minimum contacts with Colorado.

Plaintiff alleges that Larrabee is an attorney who served as the Chairman of the Heller Ehrman law firm from 2005 to 2008. Docket #1 at ¶ 55-57. Plaintiff mentions Larrabee three other times in his complaint, *see id.* at ¶¶ 496, 909, 951-52, but he does not allege any specific conduct by Larrabee, much less any conduct directed at Colorado. Thus, Plaintiff has not established specific jurisdiction over this defendant.

Larrabee has declared by affidavit that he has visited Colorado roughly eight times over the past ten years on behalf of his law firm and its clients. Docket #251-1. Additionally, he obtained a District of Colorado federal bar membership in relation to his representation of a firm client. *Id.* Larrabee has never been a citizen or resident of Colorado, does not own any property in Colorado, does not maintain an address or phone listing in Colorado, and his only personal contact with Colorado was a trip to visit colleges with his son in 2009. *Id.* These facts, which Plaintiff does not dispute, do not meet the "high burden" required to establish general jurisdiction. *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 94 (10th Cir. 2012) (quoting *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004)); *see, e.g.*, *Helicopteros*, 466 U.S. at 411 (holding that Texas lacked personal jurisdiction over a Columbian company that spent more than $4 million to purchase 80 percent of its helicopters, spare parts, and accessories from Texas sources over a seven-year period, and sent its employees to be trained in Texas over that same period); *see also Benton*, 375 F.3d at 1080 (holding that "two dozen transactions over a period of eight years" does not establish general business contacts).

Accordingly, the Court finds that it has neither specific nor general jurisdiction over Defendant Larrabee.

7.  Defendants Villeneuve and Robbins (docket #264)

Defendants Villeneuve and Robbins provided legal representation to Barra Partners in 2003. Docket #1 at ¶ 321. Plaintiff does not allege that Villeneuve and Robbins directed any activities to Colorado residents, and these Defendants have submitted affidavits declaring they have not had any professional or personal contacts in Colorado in the past ten years. *See* docket #261-1. Plaintiff does not argue that this Court has specific or general jurisdiction over Villeneuve or Robbins pursuant to the minimum contacts analysis, and instead relies exclusively on his argument that nationwide jurisdiction applies under RICO. *See* dockets ## 303, 304. Accordingly, the Court finds that Plaintiff has failed to establish that Defendants Villeneuve and Robbins have minimum contacts with Colorado.

8. Gunderson Defendants (docket #266)

Each of the eight Gunderson Defendants are presently or were previously affiliated with Gunderson Dettmer, which filed a separate motion to dismiss that is not included in this recommendation. Plaintiff does not allege any activity directed at Colorado residents by these individual Gunderson Defendants. The Gunderson Defendants have submitted affidavits describing their contacts with Colorado. *See* docket #266-1. None of the Gunderson Defendants regularly transact business in Colorado, own real estate in Colorado, or have employees, offices or bank accounts in Colorado. *Id*. Though some of these Defendants have visited Colorado briefly or had a Colorado client in the past, such limited contacts do not amount to "continuous and systematic contacts" with Colorado. *Id*. Accordingly, the Court finds Plaintiff has not established that the Gunderson Defendants have minimum contacts with Colorado, and the Court lacks personal jurisdiction over them.

9. Defendant Jargiello (docket #296)

14

Defendant Jargiello practiced law at Defendant Heller Ehrman LLP from 2003 to 2008. Docket # 296-1, Exhibit E. Although there are no allegations that Defendant Jargiello directed any activities at Colorado, Plaintiff contends that personal jurisdiction exists because the Heller Ehrman law firm transacted business with Barra Partners and Aran Finance, which are residents of Colorado. However, "[j]urisdiction over the representatives of a corporation may not be predicated on the jurisdiction over the corporation itself ... jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state." *Ten Mile Indus. Park v. Western Plains Service Corp.*, 810 F. 2d 1518, 1527 (10th Cir. 1987). Standing alone, Jargiello's membership at the law firm does not subject him to specific jurisdiction in Colorado. According to the allegations, Jargiello's purposeful activity for purposes of establishing specific jurisdiction occurred in California.

Colorado also lacks general jurisdiction over Jargiello. He has never practiced law or resided in Colorado and he has never had employees affiliates or bank accounts in Colorado. Docket #296-1, Exhibit E. Plaintiff argues that Jargiello's current position as general counsel to a company called "Flywheel Ventures" establishes general jurisdiction because Jargiello has transacted business with Colorado portfolio companies. Flywheel Ventures is based in New Mexico, and Plaintiff has not shown that Jargiello's business transactions with Colorado companies rises to the level of "continuous and systematic contacts as to render [it] essentially at home" in Colorado. *Daimler AG,* 134 S. Ct. at 761 (internal quotations and citation omitted).

Accordingly, this Court finds that it lacks personal jurisdiction over Defendant Jargiello.

10.     FLK Defendants (docket # 299)

In 2006, the FLK Defendants represented Defendant Heller Ehrman in its action against

Plaintiff in California Superior Court. The complaint does not allege any facts establishing that the FLK Defendants have minimum contacts with Colorado. Plaintiff alleges that this Court has personal jurisdiction over the FLK Defendants because Heller Ehrman transacted business with Barra Partners and Aran Finance, which were Colorado residents. Even assuming this tenuous connection created an agency relationship between the FLK Defendants and Aran Finance – which is unlikely – it does not subject the FLK Defendants to jurisdiction. "The agency theory of jurisdiction subjects the principal to the jurisdiction of a state for acts of an agent in or directed to the forum state. It does not, however, subject an individual agent to the jurisdiction of a state based on the actions of the principal or corporate entity." *Shell v. Am. Family Rights Ass'n*, 09-cv-00309-MSK-KMT, 2010 WL 1348548 at *10 (D. Colo, March 31, 2010). Plaintiff contends that Aran Finance is the principal and the FLK Defendants, through their representation of Heller Ehrman, are its agents. This relationship would not subject the FLK Defendants to personal jurisdiction in Colorado.

Accordingly, the Court finds it does not have personal jurisdiction over the FLK Defendants.

**B.     RICO Nationwide Jurisdiction**

Aside from the traditional minimum contacts analysis, in certain circumstances, the RICO statute also may authorize personal jurisdiction over out-of-state defendants. *See Cory v. Aztec Steel Bldg., Inc*, 468 F.3d 1226, 1231 (10th Cir. 2006); *see also* 18 U.S.C. § 1965(b). "[T]o determine whether jurisdiction is appropriate under RICO, the Court engages in a three step analysis: (1) whether personal jurisdiction can be established over one defendant; (2) whether the ends of justice require nationwide service; and (3) whether the exercise of jurisdiction comports with Due Process." *Greenway Nutrients, Inc. v. Blackburn*, --- F. Supp. 2d ---, ---, 2014 WL 1243671, at *14 (D. Colo.

Mar. 26, 2014). Assuming this Court has personal jurisdiction over at least one defendant, Plaintiff must still establish that nationwide personal jurisdiction is required by "the ends of justice." *Cory*, 468 F.3d at 1231.

Plaintiff contends that he "is a person of limited economic means and has had to borrow funds from family, with limited resources, just to bring and serve this action." Docket #316 at p. 9. Standing alone, Plaintiff having "sustained damages and litigation costs" in Colorado does not satisfy the "end of justice" standard. *See Cory*, at 1232. Plaintiff also asserts that he does not have the funds to support litigating this action in California where his travel, lodging, and security costs (due to alleged threats of physical retaliation by certain Defendants) would be significantly higher. Docket #316, at pp. 9-10. This Court recognizes that a Plaintiff's "financial impediment" to suit in another forum is relevant to the "ends of justice" concept. *See Cory*, at 1232, n. 4. However, Plaintiff has not submitted evidence that he is unable to finance litigation in California, and he is not proceeding in forma pauperis in this case. Litigating long distance is expensive for any party, and the events giving rise to his claims primarily occurred in northern California, which is also where the majority of the Defendants reside. The litigation costs are undoubtedly significantly higher for the sixty-six Defendants to defend the claims against them in Colorado than are the costs to the Plaintiff for prosecuting this action in California. The Court finds that Plaintiff has not shown why the preference against haling these Defendants into an unexpected forum is overcome here. *See id.* at 1230-31 (explaining that in imposing the "ends of justice" requirement, "Congress expressed a preference that defendants not be unnecessarily haled into unexpected forums" (citing *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998))).

The Court concludes that the RICO statute does not authorize nationwide jurisdiction in this

case.

## CONCLUSION

Accordingly, to the extent the motions seek dismissal on the basis of lack of personal jurisdiction in this forum, the Court respectfully RECOMMENDS that the District Court grant:  (1) Defendant Emily Church's Motion to Dismiss (filed February 21, 2014; docket # 124); (2) Defendant Daniel Niehans' Motion to Dismiss (filed February 24, 2014; docket #131); (3) Motion to Dismiss on behalf of Defendants Neville Johnson, Lan Vu, Johnson & Johnson LLP, Douglas Johnson, John Fowler, Viktoriya Cassis, and Shake (filed February 25, 2014; docket #138); (4) Motion to Dismiss by Defendants Miles Frederick Ehlrich and Ramsey & Ehlrich LLP (filed April 16, 2014; docket #222); (5) Defendant Barry S. Levin's Motion to Dismiss Pursuant to FRCP Rules 12(b)(2) and 12(b)(6) (filed April 18, 2014; docket #240); (6) Motion to Dismiss of Specially Appearing Defendant Matthew L. Larrabee for Insufficient Service of Process, for Lack of Personal Jurisdiction, and for Failure to State a Claim (filed April 23, 2014; docket #251); (7) Motion to Dismiss of Defendants Thomas Villeneuve and Timothy Robbins (filed May 2, 2014; docket #264); (8) Motion to Dismiss of Defendants Daniel O'Connor, Ivan Gaviria, Jonathon Gleason, Michelle Robertson, Robert Gunderson Jr., Scott Armienti, Scott Dettmer, and Kenneth McVay (filed May 2, 2014; docket #266); (9) Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2) Filed by David M. Jargiello (filed May 19, 2014; docket #296); and (10) FLK Defendants' Renewed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2) and (6) (filed May 20, 2014; docket #299).  In all other respects, the motions are denied as moot.

Respectfully submitted this 14th day of July, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge