**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND
ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#313],[1] filed June 2, 2014; and (2) **Plaintiff's Objection to Recommendation of U.S. Magistrate Judge Hegarty Regarding the Belfast Johnsons' Motion To Dismiss [#65]** [#323], filed June 16, 2014.  I overrule the objection, adopt the recommendation, and grant the apposite motion to dismiss for lack of personal jurisdiction over the movants in this forum

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081

---

[1] "[#313]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

(2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). .

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Thus, I have considered carefully the recommendation, objections, and applicable caselaw.

The recommendation is detailed and well-reasoned.  Contrastingly, plaintiff's objection is imponderous and without merit.  Even under the liberal interpretation to be afford *pro se* pleadings, the magistrate judge was exceedingly generous in construing plaintiff's complaint to plausibly assert personal jurisdiction over defendant Mathews pursuant to Fed. R. Civ. P. 4(k)(2).  Nevertheless, and as detailed more particularly in the magistrate judge's recommendation, the allegations of the complaint are patently insufficient to establish any conceivable basis warranting extraterritorial application of RICO to these defendants.

For one thing, plaintiff's repeated references, both in his complaint and in his objections, to the alleged actions of the "RICO defendants" or even the "Belfast Johnsons defendants" as an undifferentiated group are patently insufficient to overcome a motion to dismiss.  "[T]he complaint [must] make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations[.]"  **Robbins v. Oklahoma**, 519 F.3d 1242, 1250 (10th Cir. 2008).  For this reason, "group pleading" is insufficient to state a plausible claim implicating a particular defendant.  ***Seni ex rel.***

*Ciber, Inc. v. Peterschmidt*, 2013 WL 1191265 at *3 (D. Colo. March 22, 2013). "The fact that one individual had certain knowledge or motivation or took a certain action does not create an assumption or presumption that others in a group with that individual share that knowledge or motivation or took the same action." *Id.*

The limited number of allegations that do specifically implicate Ms. Mathews do not, singularly or together, plausibly state a cause of action for violation of RICO based on defendants' alleged extraterritorial conduct. *See CGC Holding Co., LLC v. Hutchens*, 824 F.Supp.2d 1193, 1209 (D. Colo. 2011) ("'[I]solated domestic conduct does not permit RICO to apply to what is essentially foreign activity.'") (quoting *United States v. Philip Morris*, 783 F.Supp.2d 23, 29 (D.D.C. 2011)). "[N]owhere does the statute evidence a concern with foreign enterprises, let alone a concern sufficiently clear to overcome the presumption against extraterritoriality. . . . [T]here is no evidence that Congress intended to criminalize foreign racketeering activities under RICO." *Phillip Morris*, 783 F.Supp.2d at 29. The mere fact that the effect of defendants' alleged actions occurred in the United States is plainly inadequate to support such a cause of action against these defendants. *See id.* (noting that "effects" test for extraterritorial application of federal statute has been rejected in other contexts).[2]

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate

---

[2] The magistrate judge further recommends denying plaintiff's request for leave to amend his complaint to attempt to assert valid claims against Ms. Kaplan, noting that plaintiff neither argues nor demonstrates that he could plead additional facts that might establish personal jurisdiction over this defendant. Not only do I concur with the recommendation in this respect, I also note that the request – contained within his response to the motion to dismiss – is procedurally improper. *See* **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document.").

judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#313], filed June 2, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection to Recommendation of U.S. Magistrate Judge Hegarty Regarding the Belfast Johnsons' Motion To Dismiss [#65]** [#323], filed June 16, 2014, are **OVERRULED**;

3. That **Defendants Paul Tweed, Kathy Mathews, Johnsons Law Firm, and Paul Tweed, LLP's Motion To Dismiss** [#65], filed January 13, 2014 is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows;

   a. That the motion is **GRANTED** to the extent it seeks dismissal of plaintiff's claims against the movants on the basis of lack of personal jurisdiction in this forum; and

   b. That in all other respects, the motion is **DENIED AS MOOT**;

4. That plaintiff's claims against defendants, Paul Tweed; Kathy Mathews; Johnsons Law Firm; and Paul Tweed, LLP, are **DISMISSED WITHOUT PREJUDICE**;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on behalf of defendants, Paul Tweed; Kathy Mathews; Johnsons Law Firm; and Paul Tweed, LLP, against plaintiff, Jon A. Goodwin, on all claims for relief and causes of action asserted against these defendant; and

6. That defendants, Paul Tweed; Kathy Mathews; Johnsons Law Firm; and Paul Tweed, LLP, are **DROPPED** as a named parties to this action, and the case caption **AMENDED** accordingly.

Dated August 7, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge