**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

Defendants.

---

## ORDER OVERRULING OBJECTION TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Blackburn, J.**

The matters before me are (1) the **Amended Recommendation of United States Magistrate Judge** [#336],[1] filed July 14, 2014; and (2) **Plaintiff's Objection to Amended Recommendation of U.S. Magistrate Judge Hegarty Regarding [336]** [#344], filed July 29, 2014. I overrule the objections, adopt the amended recommendation, and grant the apposite motions to dismiss for lack of personal jurisdiction.

Plaintiff is proceeding *pro se*. Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081

[1] "[#336]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

(2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. I have considered carefully the recommendation, objection, and applicable caselaw.

The amended recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit. I concur with the magistrate judge's conclusion that nothing in the complaint plausibly alleges a valid basis for this court to assume either general or specific personal jurisdiction over any of the implicated defendants in this forum. Plaintiff's belated attempt to assert a theory of "conspiracy jurisdiction" over these defendants is both procedurally and substantively unsound.[2] Procedurally, the issue was not raised at any time prior to the interposition of the objection, and therefore has been waived. ***See Marshall v. Chater***, 75 F.3d 1421, 1426 (10th Cir. 1996).

Substantively, to the extent that such a theory might support jurisdiction, mere conclusory allegations of conspiracy – such as those set forth in this case – are insufficient to support a prima facie showing of personal jurisdiction over a non-resident defendant. ***American Land Program, Inc. v. Bonaventura Uitgevers Maatschappij, N.V.***, 710 F.2d 1449, 1454 (10th Cir. 1983). ***See also National Union Fire Insurance***

---

[2] Moreover, to the extent plaintiff attempts to rely on allegations not contained in the complaint itself, the court does not consider such matters in resolving the issues raised by and inherent to the motions.

***Co. of Pittsburgh, PA v. Kozeny***, 115 F.Supp.2d 1231, 1237 (D. Colo. 2000) (conspiracy jurisdiction viable under Colorado law if existence of conspiracy and overt acts plead with particularity), ***aff'd***, 19 Fed. Appx. 815 (10th Cir. Sept. 28, 2001). Plaintiff's sweeping, undifferentiated references to groups of defendants (or even more globally to "defendants" generally) are insufficient to overcome establish personal jurisdiction under this (or any) theory. ***See Robbins v. Oklahoma***, 519 F.3d 1242, 1250 (10th Cir. 2008) ("[T]he complaint [must] make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations[.]"); ***Seni ex rel. Ciber, Inc. v. Peterschmidt***, 2013 WL 1191265 at *3 (D. Colo. March 22, 2013) ("group pleading" insufficient to state plausible claim against a particular defendant).

Moreover, I concur with the magistrate judge's conclusion that the ends of justice do not permit nationwide service of process under the federal RICO statute in this case. Assuming *arguendo* that personal jurisdiction might exist as to some other defendant in this case (a prerequisite to the assertion of such jurisdiction under RICO), plaintiff's alleged financial constraints do not permit him to merely shift the cost and other burdens of litigation to defendants who have no demonstrated connection to Colorado whatsoever.[3] ***See Cory v. Aztec Steel Building, Inc.***, 468 F.3d 1226, 1230 (10th Cir. 2006) (by imposing "ends of justice" requirement to invoke nationwide service under RICO, "Congress expressed a preference that defendants not be unnecessarily haled

---

[3] Indeed, given that the locus of plaintiff's complaints clearly is California – where the majority of the relevant witnesses and documents may be expected to be found – it is not at all pellucid that the costs of litigating this action are appreciably less for plaintiff himself if the case is litigated in Colorado.

into unexpected forums"). As for plaintiff's suggestion that his claims may be barred by limitations if now dismissed, it does appear that many of these claims are barred *already* by limitations in any event. Moreover, nothing in the record suggests that plaintiff was precluded or otherwise hindered from timely bringing these claims in a forum of appropriate jurisdiction. His decision to sit on his rights while these claims grew stale does not merit a finding that the ends of justice require resort to the extraordinary assumption of nationwide service in this case.

I thus find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation of United States Magistrate Judge** [#336], filed July 14, 2014, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Objection to Amended Recommendation of U.S. Magistrate Judge Hegarty Regarding [336]** [#344], filed July 29, 2014, are **OVERRULED**;

3. That the following motions are **GRANTED IN PART** to the extent they seek dismissal of plaintiff's claims against the movants based on lack of personal jurisdiction in this forum, and **DENIED AS MOOT** in all other respects:

a. **Defendant Emily Church's Motion To Dismiss** [#124], filed February 21, 2014;

b. **Defendant Daniel Niehans' Motion To Dismiss** [#131], filed February

24, 2014;

c. **Motion To Dismiss on Behalf of Defendants Neville Johnson, Lan Vu, Johnson & Johnson LLP, Douglas Johnson, John Fowler, Viktoriya Cassis, and Shake Andreasian** [#138], filed February 25, 2014;

d. **Motion To Dismiss by Defendants Miles Frederick Ehrlich and Ramsey & Ehrlich LLP** [#222], filed April 16, 2014;

e. **Defendant Barry S. Levin's Motion To Dismiss Pursuant to FRCP Rules 12(b)(2) and 12(b)(6)** [#240], filed April 18, 2014;

f. **Motion To Dismiss of Specifically Appearing Defendant Matthew L. Larrabee for Insufficient Service of Process, for Lack of Personal Jurisdiction, and for Failure To State a Claim** [#251], filed April 23, 2014;

g. **Motion To Dismiss of Defendants Thomas Villeneuve and Timothy Robbins** [#264], filed May 2, 2014;

h. **Motion To Dismiss of Defendants Daniel O'Connor, Ivan Gaviria, Jonathan Gleason, Michelle Robertson, Robert Gunderson Jr., Scott Armienti, Scott Dettmer, and Kenneth McVay** [#266], filed May 2, 2014;

i. **Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2) Filed By David M. Jargiello** [#296], filed May 19, 2014; and

j. **FLK Defendants' Renewed Motion To Dismiss Pursuant to Fed. R.**

**Civ. P. 12(b)(1), (2), and (6)** [#299], filed May 20, 2014;

4. That plaintiff's claims against the following defendants are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction in this forum: Emily Warren Church; Daniel Jurg Niehans; Neville L. Johnson; Lan Phojng Vu; Johnson & Johnson LLP, a limited liability partnership; Douglas L. Johnson; John Dale Fowler; Viktoriya A. Cassis; Shake Andreasian; Miles Frederick Ehrlich; Ramsey & Ehrlich LLP, a limited liability partnership; Barry S. Levin; Matthew L. Larrabee; Thomas F. Villeneuve; Timothy Robbins; Daniel E. O'Connor; Ivan Alexander Gaviria; Jonathan M. Gleason; Michelle Robertson; Robert V. Gunderson Jr.; Scott Armienti; Scott C. Dettmer; Kenneth Robert McVay; David Mark Jargiello; Denelle Marie Dixon-Thayer; John Daniel Sharp; Michael Alexander Kahn; Diane D. Blick; and Folger Levin & Kahn LLP, a limited liability partnership;

5. That at the time judgment enters, judgment without prejudice **SHALL ENTER** on all claims for relief and causes of action against plaintiff, Jon A. Goodwin, in favor of the following defendants: Emily Warren Church; Daniel Jurg Niehans; Neville L. Johnson; Lan Phojng Vu; Johnson & Johnson LLP, a limited liability partnership; Douglas L. Johnson; John Dale Fowler; Viktoriya A. Cassis; Shake Andreasian; Miles Frederick Ehrlich; Ramsey & Ehrlich LLP, a limited liability partnership; Barry S. Levin; Matthew L. Larrabee; Thomas F. Villeneuve; Timothy Robbins; Daniel E. O'Connor; Ivan Alexander Gaviria; Jonathan M. Gleason; Michelle Robertson; Robert V. Gunderson Jr.; Scott Armienti; Scott C. Dettmer; Kenneth Robert McVay; David Mark Jargiello; Denelle Marie Dixon-Thayer; John Daniel Sharp; Michael Alexander Kahn;

Diane D. Blick; and Folger Levin & Kahn LLP, a limited liability partnership; and

6. That defendants, Emily Warren Church; Daniel Jurg Niehans; Neville L. Johnson; Lan Phojng Vu; Johnson & Johnson LLP, a limited liability partnership; Douglas L. Johnson; John Dale Fowler; Viktoriya A. Cassis; Shake Andreasian; Miles Frederick Ehrlich; Ramsey & Ehrlich LLP, a limited liability partnership; Barry S. Levin; Matthew L. Larrabee; Thomas F. Villeneuve; Timothy Robbins; Daniel E. O'Connor; Ivan Alexander Gaviria; Jonathan M. Gleason; Michelle Robertson; Robert V. Gunderson Jr.; Scott Armienti; Scott C. Dettmer; Kenneth Robert McVay; David Mark Jargiello; Denelle Marie Dixon-Thayer; John Daniel Sharp; Michael Alexander Kahn; Diane D. Blick; and Folger Levin & Kahn LLP, a limited liability partnership, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.

Dated August 27, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn

Robert E. Blackburn
United States District Judge