**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

MARCIA ANN BRUGGEMAN-HATCH, an individual, et al.

    Defendants.

## ORDER RE: RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#342],[1] filed July 24, 2014; (2) the **Recommendation of United States Magistrate Judge** [#343], filed July 28, 2014; (3) **Plaintiff's Objections to Recommendations of U.S. Magistrate Judge Hegarty in Docket Number 342, Filed July 24, 2014 and Docket Number 343, Filed July 28, 2014** [#356], filed August 21, 2014;[2] and (4) defendant Heller Ehrman (California), a Professional Corporation's **Objection to United States Magistrate Judge's July 24, 2014 Recommendation [#342]** [#348], filed August 7, 2014.

The plaintiff is proceeding *pro se.* Thus, I have construed his pleadings more

---

[1] "[#342]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motions, the recommendation, and the objections are fully briefed and obviate the need for oral argument. I thus deny plaintiff's request for same.

liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed. Also, I have considered carefully the recommendation, objections, and applicable case law.

I overrule plaintiff's objections, but sustain the objection of defendant Heller Ehrman, PC. I thus respectfully reject that portion of the magistrate judge's recommendation suggesting that the court has personal jurisdiction over this defendant. In all other respects, I approve and adopt the remainder of the both recommendations and grant the apposite motions to dismiss which they address.

The recommendation is detailed and well-reasoned. Plaintiff's objections are imponderous and without merit.[3] I am disinclined to provide a festooned reiteration of the magistrate judge's thorough and astute consideration of the issues raised by and

---

[3] I further reject plaintiff's suggestion that the 10-page extension of the court's reasonable 15-page limitation on objections to magistrate judge recommendations failed to provide him sufficient opportunity to elucidate his arguments. To the extent this request is intended to constitute a motion for such an expanded brief, it is procedurally improper. *See* **D.C.COLO.LCivR** 7.1(d). Moreover, although plaintiff suggests that he requires at least 85 pages to fully elucidate his objections, plaintiff made no specific request as to how many additional pages were necessary in his original motion. (*See* **Unopposed Motion for Extension of Time To Respond to Magistrate's Recommendations and To Exceed Judge Robert E. Blackburn's Court's Prescribed Page Limitation** ¶¶ II(8) at 5 & III(2) at 6 [#347], filed August 5, 2007.) Nothing in his objection appears truncated or inadequately explained, and plaintiff does not specify in what ways the objection he submitted is inadequate or incomplete. In addition, plaintiff submitted (and the court did not strike) a 30-page objection, the formatting of which appears to have allowed him to expand even further the court's reasonable page limitations. (*See* REB Civ. Practice Standard II(D)(1) ("All papers filed with the court by anyone other than a judicial officer shall be in Arial 12 point font (exclusive of footnotes and endnotes).").

2

inherent to the underlying motions. It is clear that the majority of plaintiff's claims against the majority of the movants are barred by the variously applicable statutes of limitation. The magistrate judge considered, but properly rejected, plaintiff's arguments that equitable estoppel might apply in the circumstances of this case.

Plaintiff's further suggestion that the continuing offense doctrine also might permit these claims to proceed is procedurally improper and substantively inapplicable. As I have noted on previous occasions in this very case (*see* **Order Overruling Objection to and Adopting Recommendation of United States Magistrate Judge** at 2 [#357], filed August 27, 2014), an issue that is not raised in response to the apposite motions to dismiss or otherwise brought to the attention of the magistrate judge is waived and may not be brought forward for the first time in plaintiff's objection. **See Marshall v. Chater**, 75 F.3d 1421, 1426 (10th Cir. 1996).

Substantively, the continuing violation theory has limited, if any, application outside the Title VII context. **See Rassam v. San Juan College Board**, 1997 WL 253048 at *3 (10th Cir. May 15, 1997). **See also Houck v. City of Prairie Village, Kansas**, 1998 WL 792154 at *3 (10th Cir. Nov. 13, 1998) (noting that Tenth Circuit "has never specifically held that the continuing violation theory applies to claims brought pursuant to § 1983" and has refused to apply the doctrine to section 1981 claims based on recognition "that the continuing violation theory is a creature of the need to file administrative charges"). Plaintiff's conclusory statements that his allegations are all of a piece are insufficient to convince me that the theory should be expanded to encompass his claims in this case.

I find I must respectfully reject, however, the magistrate judge's recommendation insofar as it suggests that the court has personal jurisdiction over defendant Heller Ehrman, PC. Assuming *arguendo* that the defendant, Heller Ehrman, PC, is actually or functionally equivalent to the entity that allegedly formed an attorney-client relationship with Barra Partners and Aran Finance (Heller Ehrman, LLP, also a defendant in this lawsuit), the complaint alleges nothing apart from the mere formation of that relationship that might be thought to constitute an action or activity directed purposefully at Colorado. Although plaintiff alleges that this defendant owed him fiduciary duties, he has not pleaded a single fact showing any action of Heller Ehrman (PC *or* LLP) that might constitute a dereliction of those duties. Heller Ehrman, PC, therefore lacks the minimum contacts necessary to establish specific personal jurisdiction over it in this forum.[4]

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#342], filed July 24, 2014, is, respectfully, **REJECTED IN PART** and **APPROVED AND ADOPTED IN PART** as follows:

    a. That the recommendation is **REJECTED** to the extent it finds that the court has personal jurisdiction over defendant Heller Ehrman (Calfornia), a Professional Corporation; and

    b. That in all other respects, the recommendation is **APPROVED AND**

---

[4] Based on the remainder of the magistrate judge's recommendation, plaintiff's claims against this defendant also should be dismissed based on limitations. The dismissal of those claims therefore will be with prejudice.

**ADOPTED**

2. That the **Recommendation of United States Magistrate Judge** [#343], filed July 28, 2014, is **APPROVED AND ADOPTED** as an order of this court;

3. That the objections stated in **Plaintiff's Objections to Recommendations of U.S. Magistrate Judge Hegarty in Docket Number 342, Filed July 24, 2014 and Docket Number 343, Filed July 28, 2014** [#356], filed August 21, 2014 are **OVERRULED**;

4. That the objection to the assertion of personal jurisdiction as stated by defendant Heller Ehrman (California), a Professional Corporation in its **Objection to United States Magistrate Judge's July 24, 2014 Recommendation [#342]** [#348], filed August 7, 2014, is **SUSTAINED**;

5. That the following motions are **GRANTED**:

   a. **Defendants Marcia and Seamus Hatch's Motion To Dismiss**[#56], filed December 30, 2013;

   b. **Defendant Jeffrey Schottler's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c)** [#243], filed February 18, 2014;

   c. **Defendant Michael Douglas Bock's Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c)** [#255], filed April 24, 2014;

   d. **Defendant Aran Strategic Finance, LLC's Motion To Dismiss** [#261], filed April 25, 2014;

   e. **Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP's Motion To Dismiss** [#265], filed May 2, 2014;

  f. **Defendant Savvis, Inc.'s Motion To Dismiss** [#268], filed May 5, 2014; and

  g. The **Renewed Joint Motion To Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(b)(1) and 12(b)(2) Filed By Heller Ehrman (California), a Professional Corporation, and Robert A Epsen** [#292], filed May 19, 2014;

 6. That plaintiff's claims against the following defendants are **DISMISSED WITH PREJUDICE**: Marcia Ann Bruggeman-Hatch; Seamus John Paul Hatch; Jeffrey L. Schottler; Michael Douglas Bock; Aran Strategic Finance, LLC; Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, a limited liability partnership; Savvis, Inc., a corporation; Heller Ehrman (California), a professional corporation; and Robert A Epsen;

 7. That at the time judgment enters, judgment with prejudice **SHALL ENTER** on behalf of the following defendants against plaintiff, Jon A. Goodwin, as to all claims for relief and causes of action asserted against them in this action: Marcia Ann Bruggeman-Hatch; Seamus John Paul Hatch; Jeffrey L. Schottler; Michael Douglas Bock; Aran Strategic Finance, LLC; Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, a limited liability partnership; Savvis, Inc., a corporation; Heller Ehrman (California), a professional corporation; and Robert A Epsen; and

 8. That defendants, Marcia Ann Bruggeman-Hatch; Seamus John Paul Hatch; Jeffrey L. Schottler; Michael Douglas Bock; Aran Strategic Finance, LLC; Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, a limited liability partnership;

Savvis, Inc., a corporation; Heller Ehrman (California), a professional corporation; and Robert A Epsen, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly.[5]

Dated September 22, 2014, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[5] In order to assist the court in keeping track of the remaining parties in this lawsuit, I respectfully request that all future papers filed in this matter which include the full case caption list only the defendants remaining in this action.