IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

HELLER EHRMAN LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
HARRY STORER SCOTT, an individual,
RADINE SABLAN, an individual,
ANGELA TORABYAN, an individual,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
KANNAN P. SRINIVASAN, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
ERIC VAUGHN TRAUT, an individual, and
DIANA BIAFORA SPARAGNA, an individual,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 25, 2014**.

    Before the Court is Plaintiff's Motion for Clarification [etc.] [filed September 25, 2014; docket #365]. Mr. Goodwin requests my basis for denying his Motion for Disclosure of any Circumstances Raising a Reasonable Question as to Impartiality. Although no further explanation is necessary under the law, given Mr. Goodwin's *pro se* status, and in furtherance of an open and transparent process, I will offer the following.

    Mr. Goodwin alleges that the Defendants' counsel are my friends. Of the 22 counsel listed on the docket for the Defendants, I know of Mr. Myers, Mr. Baumann, Mr. Korneffel, Mr. Nemirow, and Mr. Cipoletti solely through my official duties as a U.S. Magistrate Judge, these lawyers having appeared before me on more than one occasion. There are other Denver-area lawyers who have entered appearances in this case who may have also appeared before me in other cases, but I confess I am not familiar with them. Mr. Boonin was an attorney at Arnold & Porter, a firm in which I was an associate attorney from 1988-92, although we were not at the firm at the same time. I do not

know the other lawyers in the case except through my interactions in this case. I have never socialized with any of these attorneys.

While at Arnold & Porter in Washington, D.C. in 1988-89, I knew of, and conversed with, Daniel Rezneck, but I have not seen him since and have not even heard his name mentioned in the past 20-plus years. I do not know if he is even living today. I have no knowledge of Defendant Miles F. Ehrlich except in the capacity as a Defendant in this case, and I have no knowledge of his association with Daniel Rezneck, nor would such knowledge matter to me in the slightest.

Regarding the existence, or not, of criminal proceedings, Mr. Goodwin has, on numerous occasions, in both his Verified Complaint in this case and in open court on the record, stated that he has gone to law enforcement agencies to attempt to initiate criminal charges, but Mr. Goodwin has provided no evidence or proffer that any such charges have ever been brought. Indeed, in his complaint Mr. Goodwin affirmatively stated that because of the actions of the Defendants, he lacks the support of law enforcement. He has alleged that various Defendants have assisted other Defendants in avoiding investigation and prosecution for criminal acts. I have engaged in no off-the-record investigation in this case. However, if Mr. Goodwin has knowledge of actual criminal proceedings brought against the Defendants arising out of the facts of this case, he is welcome to bring them to my attention.

Docket #365 is **denied as moot**.