**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02973-REB-MEH

JON A. GOODWIN, an individual, directly and derivatively in the right of and for the benefit of Barra Partners, LLC, a Delaware limited liability company,

    Plaintiff,

v.

HELLER EHRMAN LLP, a limited liability partnership,
RICHARD S. WARLEY, an individual,
TINA LOUISE SCATUORCHIO-GOODWIN, an individual,
SIMON LUK, an individual,
RUSSELL A. STAMETS, an individual,
JOHN C. GONZALEZ, an individual
KANNAN P. SRINIVASAN, an individual,
ARAN VENTURES, a business entity, form unknown,
ARAN DEVELOPMENT, a business entity, form unknown,
JONATHAN MARTIN TURCO, an individual,
ERIC VAUGHN TRAUT, an individual,
DIANA BIAFORA SPARAGNA, an individual, and
BARRA PARTNERS, LLC, actually named as a nominal defendant,

    Defendants.

## ORDER MAKING ABSOLUTE ORDER TO SHOW CAUSE

**Blackburn, J.**

    This matter is before me on **Plaintiff's Response to Courts Order To Show Cause** [#380],[1] filed November 3, 2014, in response to my **Order To Show Cause** [#371], filed October 9, 2014.  Plaintiff's response to that order fails to demonstrate any cogent basis on which to continue this lawsuit.  The order therefore will be made

---

[1] "[#380]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

absolute.

I issued the show cause order because it appeared, *inter alia*, that plaintiff's remaining claims in this lawsuit were barred by limitations.  (**See Order To Show Cause** at 3 [#371], filed October 9, 2014.)  I therefore required that

> [p]laintiff must direct the court to specific, particularized references *in the Verified Complaint* that demonstrate that these particular defendants . . . have taken specific actions, delineated *in the Verified Complaint*, within the period of limitations.  Global, generalized references to "defendants" and other types of group pleading, which previously have been noted as inadequate to support the burden of pleading plausible claims for relief, will not suffice.

(***Id.*** at 5 (emphases in original).)

Rather than comply with that directive, plaintiff instead directed the court to consider allegations of new conduct set forth in his **Motion To Supplement the Original Complaint** [#381], filed November 7, 2014, and the proposed supplemental pleading attached thereto, which he claimed asserted viable predicate offenses under RICO and COCCA within the statute of limitations.  **See United States v. Persico**, 832 F.2d 705, 714 (2nd Cir. 1987), **cert. denied**, 108 S.Ct. 1995 (1988).  I have found otherwise, however, and denied the motion to supplement.  (**See Order Denying Plaintiff's Motion To Supplement the Original Complaint** [#384], filed November 13, 2014.)  At a minimum, therefore, plaintiff has failed to establish that any of the claims currently pending in this action are not barred by limitations.

Moreover, the fact that the clerk has entered default pursuant to Fed. R. Civ. P. 55(a) against certain of the remaining defendants does cure this fundamental inadequacy in the operative pleading of failing to plead claims that are not time-barred:

> When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered. . . . This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a).

10A C. WRIGHT & A. MILLER, *Federal Practice & Procedure* § 2685 (3rd ed.) (internal footnotes omitted). *See also De Santis v. City of New York*, 2014 WL 228659 at *6 (S.D.N.Y. Jan. 22, 2014) ("[T]he defaulting defendant ... should not be burdened with a judgment on an insufficient complaint.") (citation and internal quotation marks omitted). Thus, even if plaintiff were to move for default judgments (which he has not),[2] the court would not enter default judgments on his time-barred claims.

Accordingly, the court finds and concludes that plaintiff's remaining claims in this lawsuit must be dismissed as barred by limitations.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Order To Show Cause** [#371], filed October 9, 2014, is **MADE ABSOLUTE**;

2. That plaintiff's claims against the following defendants are **DISMISSED WITH PREJUDICE**: Heller Ehrman LLP; Richard S. Warley; Tina Louise Scatuorchio-

---

[2] The entries of default under Rule 55(a) are not self-executing. Instead, "Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."

> First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting by affidavit or otherwise that the clerk enter default on the docket. Second, following an entry of default by the clerk, the party entitled to a judgment by default shall apply to the court therefor.

*Williams v. Smithson*, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (internal citations and quotation marks omitted); *see also Garrett v. Seymour*, 2007 WL 549388 at *2 (10th Cir. Feb. 23, 2007) (clerk's entry of default under Rule 55(a) is "a prerequisite for the entry of a default judgment" under Rule 55(b)).

Goodwin; Simon Luk; Russell A. Stamets; John c. Gonzalez; Kannan P. Srinivasan; Aran Ventures; Aran Development, Jonathan Martin Turco; Eric Vaughn Traut; Diana Biafora Sparagna; and Barra Partners, LLC (nominal defendant); and

    3. That at the time judgment enters, judgment with prejudice **SHALL ENTER** on behalf of the following defendants against plaintiff, Jon A. Goodwin, on all claims for relief and causes of action asserted against them in this action: Heller Ehrman LLP; Richard S. Warley; Tina Louise Scatuorchio-Goodwin; Simon Luk; Russell A. Stamets; John c. Gonzalez; Kannan P. Srinivasan; Aran Ventures; Aran Development, Jonathan Martin Turco; Eric Vaughn Traut; Diana Biafora Sparagna; and Barra Partners, LLC (nominal defendant)

    Dated November 13, 2014, at Denver, Colorado.

                                          **BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge